W. A. McLEOD v. SANTA ROSA COUNTY.

157 So. 37.

Opinion Filed October 12, 1934.

*A. A. Fisher* and *Philip D. Beall,* for Plaintiff in Error;

*John T. Wiggington,* for Defendant in Error.

Per Curiam.—Plaintiff in error, a County Judge, sued Santa Rosa County for the recovery of certain fees alleged to have become due in certain criminal cases tried in his court wherein liability for costs devolved upon Santa Rosa County as provided by Section 9 of Article XVI, State Constitution, and Sections 2833 C. G. L., 1782 R. G. S., to 2837 C. G. L., 1786 R. G. S., inclusive. The County Commissioners refused to pay the officer's claim and in a suit at law against Santa Rosa County brought by him under Section 2837 C. G. L., 1786 R. G. S., to test the validity of such rejection, judgment denying the plaintiff's claim was entered on a demurrer sustained to plaintiff's declaration. From that judgment this writ of error was taken by the officer.

Fees for County Judges are fixed by Section 5204 C. G. L., 3352 R. G. S., in relation to Section 5237 C. G. L., 3384 R. G. S., and Section 3084 R. G. S. Section 4867 C. G. L. (which is the same as Chapter 11893, Acts 1927) is not applicable to County Judges or Justices of the Peace, because it has been held that par. 2 of Section 3384, Revised General Statutes, has reference only to Section 3084, Revised General Statutes, as it stood prior to the enactment of Chapter 11893, Acts 1927, raising fees of Clerks of Circuit Court without specifically amending or repealing old Section 3084, Revised General Statutes. State, *ex rel.* Murphy v. Harllee, 100 Fla. 1562, 131 Sou. Rep. 866.

Count B—the material part of the plaintiff's declaration for the purposes of this appeal—was as follows:

"Comes now the plaintiff, and files the following additional count to the Declaration herein:

"Count B.

"The Plaintiff, W. A. McLeod, sues the Defendant, Santa Rosa County, State of Florida, for that heretofore, to-wit:

during the term of four (4) years ending on the first Monday in January, 1933, he was the duly elected and qualified County Judge of Santa Rosa County, Florida, and as such County Judge had jurisdiction of certain criminal cases, to-wit: the kind of misdemeanors designated by statute to be within the jurisdiction of County Judges in such counties. That during said term of office upon affidavits or complaints made and sworn to before Plaintiff as such County Judge, he did issue warrants and conduct procedure therein in accordance with the statute and upon the conclusions of such causes did make, verify and submit cost bills in accordance with law and the requirement of the Board of County Commissioners of said County, a form such as used being hereto attached and marked Exhibit 'A.' That upon the submission of said accounts to the Board of County Commissioners for certification and approval the said Board refused to approve certain items therein, to-wit:

"a. To certify cost bill, 40 cents.
"b. To taking affidavit of sheriff to cost bill, 40 cents.
"c. To writing warrant, 70 cents.
"d. To entering County Judge's costs, 20 cents.
"e. To entering sheriff's costs, 20 cents.

"The amount of said items being in different instances in different amounts due to the length of the particular papers drafted, and in others some of above were not included. That hereto attached and made a part hereof is a list of cases so rejected, the total of said costs so rejected in said cases being in the sum of $166.50, said list being marked Exhibit 'B' and made a part hereof.

"That prior to the rejection of said items from said cost bills there was paid over to said County in each instance the amount of such cost bills so rejected under such taxation and in accordance with said cost bills and said County re-

ceived and took into its possession said funds. That plaintiff is entitled to the payment of the said sums and has made demand therefor upon said County, which said demand has been refused, wherefore plaintiff sues defendant for said sum and claims damages in the sum of Five Thousand ($5,000.00) dollars.

"PHILIP D. BEALL,
*"Attorney for Plaintiff."*

Upon a motion to strike, the second paragraph of said Count B was eliminated. Thereafter a general demurrer was sustained to said count as thus compulsorily amended by the striking out of the paragraph aforementioned, and final judgment consequent for the county was subsequently entered on such demurrer.

The grounds of objection that appeared in the demurrer as sustained by the Circuit Judge, were as follows:

"1. That it appears in and by said Count B and Exhibit 'A' thereto attached that the disallowed items of cost sued for are either illegal or constructive charges unauthorized by law.

"2. That it appears that the laws of the State of Florida do not authorize payment of the items of cost sued for and set out in said Count B.

"3. That it appears that the laws of the State of Florida do not authorize payment of a fee to the plaintiff for certifying to his own cost bill.

"4. That it appears that the laws of the State of Florida do not require the plaintiff to take the affidavit of the sheriff to the cost bill.

"5. That it appears by the additional Count B of the declaration and Exhibit 'A' thereto attached that the charge for certifying to the cost bill, as sued for, is a constructive

charge, the plaintiff having been allowed a fee of forty cents (.40) for writing said certificate.

"6. That it appears by said Count B and Exhibit A thereto attached that the charge for taking the sheriff's affidavit to the cost bill, as sued for, is a constructive charge, the plaintiff having been allowed a fee of forty cents (.40) for writing said affidavit.

"7. That it appears by said Count B and Exhibit 'A' thereto attached that the charge for writing a warrant, as sued for, is a constructive charge, the plaintiff having been allowed a fee of forty cents (.40) for issuing said warrant.

"8. That it appears that the laws of the State of Florida do not authorize the payment of a fee to the plaintiff for entering the judge's costs, as sued for.

"9. That it appears by said Count B and Exhibit 'A' thereto attached that the charge for entering the judge's costs, as sued for, is a constructive charge, the plaintiff having been allowed a fee of fifteen cents (.15) for taxing said costs and a fee of thirty cents (.30) for writing said cost bill.

"10. That it appears that the laws of the State of Florida do not authorize the payment of a fee to the plaintiff for entering the sheriff's costs as sued for.

"11. That it appears that the laws of the State of Florida do not require the plaintiff to enter the sheriff's costs.

"12. That it appears by said Count B and Exhibit 'A' thereto attached that the charge for entering the sheriff's costs, as sued for, is a constructive charge, the plaintiff having been allowed a fee of fifteen cents (.15) for taxing said costs and a fee of thirty cents (.30) for writing said cost bill."

The right of a County Judge or other officer to recover against a county on a claim rejected by the County Com-

missioners as illegal, is dependent upon the applicable provisions of law prescribing particular fees for given services and entitling the officer to the payment of such fees when the services are duly rendered.

It was never contemplated by our statutes that wholly constructive fees or charges by officers should be allowed against a county, nor that an officer should be permitted to split a single service into a multitude of constituent elements as a predicate for asserting a claim to a higher charge or compensation that in the aggregate is greater than would be permissible but for such attempted splitting up of items going to make up an allowable charge for a single specific service. Sections 8482 C. G. L., 6168 R. G. S., 8484 C. G. L., 6170 R. G. S.

It has not been made to appear that the court below erred in sustaining the demurrer, considering the whole showing made by Count B of the declaration and its attached Exhibits "A" and "B," so the order on the demurrer will not be held erroneous.

The motion to strike the allegation of the declaration to the effect that the county had received the proceeds of the disputed charges by taking and keeping the money collected and paid over to the county fine and forfeiture fund on the rejected items was properly granted, as such allegations could only be material in support of a claim on the part of plaintiff to a recovery of what is not otherwise allowable under the law. If plaintiff cannot recover in his own right, he cannot recover on the weakness of the county's right to retain the charges wrongfully collected and paid over to it.

While money voluntarily paid to another under a claim of right with full knowledge of all the facts, cannot be recovered back merely because the payor, at the time of payment, was ignorant of or mistook the law as to his liability, inasmuch as merely illegality of the demand paid constitutes

*of itself* no ground for relief, and while this rule applies to payments made by County Commissioners on behalf of counties as well as by others (Jefferson County v. Hawkins, 23 Fla. 223, 2 Sou. Rep. 362), yet the rule is not conversely applied by allowing an officer to affirmatively recover fees to which he is not entitled, even though he may be entitled to defend past collections under the above rule in cases where such collections were made in good faith before any holding was made that the charges were illegal.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and BROWN, J. J., concur.

TERRELL and BUFORD, J. J., not participating.