In the Matter of the Accounting of NATIONAL BANK OF MIDDLE-TOWN, et al., as Executors of ROBERT H. CLARK, Deceased.

Surrogate's Court, Orange County, August 5, 1942.

*Merel Scheidell* for executors.

No other appearances.

TAYLOR, S.   This will, after making a number of money bequests, devised to the decedent's sister, his only near relative and with whom he lived for a number of years, the right to occupy the residence property during her lifetime "free from all rent and charge," and instruction is requested as to the meaning of the quoted words, specifically whether the life tenant is thereby absolved from the general requirement in such cases of paying taxes and ordinary real property carrying charges.

It is somewhat surprising that the efforts of counsel and the surrogate's own research have disclosed no reported cases construing the identical words, or even words of close similarity.

Returning to a further analysis of the will, it is disclosed that the testator provided that none of the money legacies should be charged with any estate tax and that such tax should be paid from the residuary.  The remainder interests in the residence property, after the death of the decedent's sister, were devised to two non-relatives.  The residue of the property was given and devised in trust for the benefit of the sister and after her death to the real property remaindermen.  In the event that the latter

died before becoming of the age mentioned in the will, then all such residue was given to three churches, the Orange County Home for Aged Women and the Horton Memorial Hospital. There can be no doubt that the decedent's sister was the main object of his bounty and this conclusion would tend toward a rather broad and liberal construction of the words quoted.

The general rule that the life tenant or income beneficiary should pay all real property carrying charges yields to the testator's plain intent. (*Spencer* v. *Spencer,* 219 N. Y. 459; *Matter of Wainwright,* 248 App. Div. 336.) Going to the dictionaries for the meaning of the word "charge" we find it defined in Webster's New International Dictionary [2d ed.], as "a pecuniary burden; whatever constitutes a burden on property, as rents, taxes, liens, etc.; expense incurred," and in Funk & Wagnalls New Standard Dictionary "any burden or encumbrance upon public or private property or resources; tax; lien; expense."

In construing section 250 of the Real Property Law, "charge" as used in that statute has been held to include taxes and an interest instalment becoming due after the testator's death. (*Matter of Pinkney,* 170 Misc. Rep. 645; *Matter of Hackert,* 171 Misc. Rep. 139.)

Having in mind the fact that the testator's sister was his nearest relative and natural object of his bounty, that money bequests to non-relatives were directed to be paid in full without deduction for estate taxes and that the remainder interests in all his property were given to non-relatives, it seems quite clear that by the use of the quoted words the testator intended that his sister should occupy the residence property not subject to any of the burdens ordinarily attendant upon life use. Were this construction not given the quoted words "and charge" would be superfluous and meaningless.

Decree may be submitted judicially settling the account as filed and construing the will as herein indicated.