**STATE OF FLORIDA**, ex rel., **SAM. D. MAY**, as County Judge of Washington County, v. **H. FUSSELL**, et al., as Board of County Commissioners of Washington County.

24 So. (2nd) 804                         January Term, 1946
February 5, 1946                                 Division B

*James N. Daniel* for appellant.
*Cecil A. Rountree* for appellee.

BARNS, Circuit Judge:

The county judge brought mandamus proceedings to compel the county commissioners of the county to pay him a fee of five (5) dollars a day for attending the court of which he was judge. The alternative writ was issued, and respondents' motion to quash it was granted, and relator appeals.

The Revised General Statutes by Sections 3084, 3347, and 3384 made the fees of the justices of the peace, the county judges, and the clerks of the circuit courts the same. The fees fixed by the foregoing statutes related to numerous ministerial or clerical functions as opposed to judicial functions.

Before the adoption of Chapter 11893, Acts of 1927, the clerks of the circuit courts received no compensation for attending court. The duties of a public officer may be exacted without specific compensation.

" 'It is competent for the Legislature to prescribe that the compensation of the county officers shall be confined to that allowed for services rendered the public, as in assessing or collecting one class of taxes without any allowance for assessing or collecting other classes of taxes.' Rawls et al., County Commissioners, v. State ex rel. Nolan, Tax Assessor, 98 Fla. 103, 122 So. 222.

In McLeod v. Santa Rosa County, 116 Fla. 838, 157 So. 37, the court held that the increase of fees of the clerks of circuit courts in 1927 (by Chapter 11893) did not work an increase

of the fees of the county judges or justices of the peace. The statute was given a strict construction against the claimant.

Section 28.24, Florida Statutes, 1941, provides for the "compensation of the clerk of the circuit court, as clerk or recorder," and provides among other fees a "per diem attendance court—$5.00." This section, 28.24, after providing for the issuing of various processes and commissions states that "the word 'issuing' when used in this section shall be construed to mean the writing, signing and sealing of such instrument."

Section 36.17, Florida Statutes, 1941, provided that

"The compensation of the county judges of the various counties of the state, except where otherwise provided, shall be as follows:

"(1) The fees and charges for services required by law to be performed by the county judge shall, in all cases, be the same as the fees and charges now or hereafter allowed by law to the clerks of the circuit courts of the State of Florida for *like or similar services.*" (Italics supplied).

Chapter 21960, Acts of 1943, amended the foregoing section, and, after fixing the fees to be charged for various and sundry services, provides "for all other services same fees as circuit court clerk."

Section 81.26, Florida Statutes, 1941, relates to compensation of the justices of the peace, and provides that "the fees of a justice of the peace shall be the same as those of the clerk of the circuit court for *similar services.*" (Italics supplied).

The statutory provisions relating to compensation of the circuit court clerks, the county judges, and the justices of the peace are so related that they must be construed in pari materia. These statutes appear to relate to compensation for ministerial functions of these three classes of officers and not for judicial functions. The statute allows the county judge the same fees as the circuit court clerk for similar services. The service of the county judge in attending and presiding over the court of which he is judge for discharging judicial functions is not like or similar service to that of the clerk of the circuit court who attends the circuit court for the discharge of clerical and ministerial functions.

When the benefits of a law relating to clerks of court, prescribing the fees which the clerk is allowed to receive for services, are extended to a judicial officer who performs similar functions and also judicial functions, it will be considered that the legislative intent was to limit such extension to ministerial functions of the judge and to exclude judicial functions, unless a contrary intent clearly appears. It does not. Such statutes are strictly construed as in McLeod v. Santa Rosa County, supra.

The judgment appealed is affirmed.

CHAPMAN, C. J. BROWN and SEBRING, JJ., concur.