WIGGINTON, Judge.
Appellant, a practicing attorney at the bar of this state, represented a party in the County Judge’s Court of Duval County who was alleged to be mentally incompetent. During the course of the proceedings appellant, in his capacity as attorney for his client, filed a praecipe for the issuance of seven witness subpoenas. The subpoenas so requested were issued by appellee county judge, and the returns thereof duly docketed. At the conclusion of the proceeding the county judge made demand upon appellant for payment of the sum of $7.25, representing charges for the issuance, docketing and filing of the praecipe ?nd witness subpoenas, which demand was refused. •
In order to judicially resolve the dispute thus created, appellant instituted suit for declaratory decree alleging that the total compensation to which appellee is entitled for services rendered in connection with the incompetency proceeding is the sum of $7.50 as provided by statute. It is alleged that the charge by appellee for the issu- *464 anee of witness subpoenas, and for docketing the returns thereof, is not authorized by law and is therefore illegal. Appellee answered the complaint joining issue on the question of his lawful right to the disputed court costs, and upon the issue thus made by the pleadings the chancellor rendered a summary final decree in appellee’s favor. It is from this decree that appeal is taken.
The statute relating to the adjudication of persons alleged to be mentally or physically incompetent contains a comprehensive procedure for the accomplishment of this ultimate objective.[1] The duties and functions to be performed by the county judge in such proceedings are specifically outlined and set forth in the statute. Although the judicial character of the functions to be performed by the county judge are clearly delineated, implicit in the statute is the requirement that the county judge perform such ministerial duties as may be necessary in order to discharge properly his judicial functions. The statute provides that for the services required of the county judge under the provisions of this chapter, compensation may be allowed as follows: “(1) The fees of the county judge shall be the sum of seven dollars and fifty cents for each case in which it is sought to have a person adjudicated to be physically or mentally incapacitated, and five dollars in each case where it is sought to remove the physical or mental incapacities of a person previously so adjudicated.” [2]
By his declaratory decree the chancellor held as a matter of law that the above quoted section of the statutes provides compensation to be paid the county judge only for the performance of judicial functions rendered by him in an incompetency proceeding, but does not limit the compensation to which the county judge is otherwise entitled for ministerial duties performed by his office in connection with such proceeding. This conclusion so reached by the chancellor is predicated upon a process of rationalization influenced and controlled by three other sections of the statute.
The chancellor points to that provision of the incompetency statute which provides “In any trial or proceeding under this section, notice of hearing, service of notice or process, the taking of depositions, summoning of witnesses, and the taking of testimony shall be governed by rules pertaining to such matters in the general guardianship law of this state except as otherwise specified in this section.” [3] The chancellor interpreted this section of the statute to mean that in an incompetency proceeding, the county judge is entitled to charge and receive as compensation for the issuance of witness subpoenas the same compensation that he is authorized to charge and receivé in connection with guardianship proceedings instituted in his court. This line of reasoning led the chancellor to that section of the statute fixing fees of county judges generally which provides that: “(1) The fees to be charged by the county judges of the various counties for the following services, except where otherwise provided, shall be: For filing and docketing of each paper not required to be recorded . . . 25^ * * * (3) When not otherwise specified, the county judge’s fees shall be the same as charges made for like services by the clerk of the circuit court.”[4] The statute providing for compensation of the clerks of the circuit court specifies that “The compensation of the clerk of the circuit court, as clerk or recorder, shall be entirely by fees and, unless otherwise provided, shall be as follows: * * * Subpoena for witnesses, not otherwise provided for herein, issuing, docketing, and filing 1.00.” [5]
Upon the foregoing process of reasoning, and in consideration of the statutes above *465 cited, the chancellor found that the county-judge was entitled to receive as compensation the sum of $7.50 for the performance of the judicial functions required of him by the incompetency statute, in addition to which he is entitled to receive the sum of $7.25 for the issuance, docketing and filing of the witness subpoenas in the case. He fortifies this conclusion by reference to that section of the statute which provides that if an alleged incompetent person is found to be indigent and unable to procure witnesses in his behalf, the judge shall, upon written application therefor, summon a reasonable number of witnesses for such person, and the witness and mileage fees of said witnesses shall be paid by the county commissioners of the county from its general fund.[6] The decree appealed recites that appellant’s client on whose behalf the seven witness subpoenas were issued had not been adjudged indigent, and therefore was liable for payment of the costs incurred in connection with the subpoenas so issued.
We are of the view, and so hold, that the chancellor misinterpreted the pertinent statute under consideration when he found that the compensation provided therein for the services to be rendered by the county judge in connection with an incompetency proceeding is solely for the performance of judicial functions, and that in addition thereto, the county judge is legally authorized to charge separate fees for the performance of all ministerial duties required of him in the conduct of such proceeding. It is our view that the fee of $7.50 is intended to fully compensate the county judge for all services, both judicial and ministerial, required of him in carrying out the purpose of the statute governing incompetency proceedings. To arrive at the conclusion reached by the chancellor, we would be compelled to read into the statute provisions which the legislature saw fit to omit therefrom. There is nothing contained in the statute which can be construed to give credence to the idea that the fee therein provided as compensation for county judge’s services was intended only for the performance of judicial functions. In McLeod[7] the Supreme Court held that statutes fixing compensation of county judges must be construed strictly against the claimant. In May[8] the question arose as to whether a county judge was entitled to the same fee provided by law for clerks of circuit courts for attending court, in addition to the other fees allowed by statute for the performance of ministerial duties. The Supreme Court held that in attending court to preside over a trial a county judge is performing a judicial function for which no additional compensation is allowed by law. It held that the fee allowed clerks of the circuit court for attending a session of court was to compensate him for the performance of ministerial duties rendered during the trial. In justification for the holding that a county judge is not entitled to a separate fee for the performance of judicial functions the Supreme Court pointed out that the duties of a public officer may be exacted without specific compensation, and that it was competent for the legislature to prescribe that the compensation of county officers shall be confined to that allowed for services rendered the public.
The chancellor misconstrued the meaning and intent of that section of the incompetency act which provides that in any trial or proceeding under the act, notice of hearing, service of notice or process, the taking of depositions, the summoning of witnesses and the taking of testimony shall be governed by rules pertaining to such matters as provided in the general guardianship law of this state. This statute has reference only to the form of procedure to be followed in incompetency proceedings. The steps in the progress of the cause specified in the statute and emphasized above shall *466 be in accordance with the procedure prescribed for the same steps in a guardianship proceeding. Such procedure is clearly outlined in the applicable provisions of the general guardianship act.[9] These procedural rules have no relationship to the charges which a county judge may lawfully make under the general fee schedule contained in § 36.17 of the statutes on which the chancellor relied in this case.
The chancellor appears to have reached the conclusion expressed in his decree by reliance in part upon that section of the incompetency act which provides that the fees and mileage allowance for witnesses subpoenaed on behalf of an indigent person charged with being incompetent shall be paid by the county.[10] In his decree the chancellor pointed out that appellant’s client on whose behalf the disputed witness subpoenas in this case were issued had not been adjudged indigent, and for that reason was liable for the county judge’s costs in issuing and docketing the subpoenas in the case. It is inferred from this ruling that had appellant’s client been adjudged indigent, the cost of issuing and docketing the subpoenas would have been borne by the county. The clear import of the chancellor’s ruling is that the county judge is in any event entitled to extra fees for the performance of the ministerial duty of issuing and docketing witness subpoenas, which fees shall be paid by the county if the alleged incompetent is indigent, or paid by the defending party if no adjudication of indigency is made. The sole purpose of this section of the statute is to assure that an indigent person charged with being incompetent will be accorded due process of law by providing that the fees and mileage allowance of the witnesses necessary for his defense will be paid by the county. The statute makes no reference to any charges allowable to the county judge for the ministerial duty of issuing subpoenas in order to assure the attendance of witnesses for indigent persons. Whether or not appellant’s client was adjudged indigent has no bearing on the question of whether the county judge is lawfully entitled to charge for the issuance and docketing of witness subpoenas.'
To affirm the conclusion reached by the chancellor that the fee of $7.50 to be paid in each incompetency proceeding is compensation only for the performance of judicial functions would lead to an anomalous situation in those cases where a county judge is disqualified to act in any given incompetency matter and his duties are performed by a circuit judge as permitted by statute.[11] In such instances would the fee of $7.50 for the performance of judicial services be paid to the circuit judge in addition to the statutory salary already received by him? We think not. Then should this fee nevertheless be paid to the county judge who is disqualified and performs no judicial functions in the case? We hardly think such could have been contemplated by the legislature. Under these circumstances is the statutory fee then waived? Such queries lead us to the inescapable conclusion that the statutory fee of $7.50 shall be paid in each incompetency proceeding, and is intended as compensation both for the performance of judicial functions as well as payment of the cost incurred in the issuance, filing, docketing and recording of all instruments necessary to a complete adjudication of the matter in issue. The fee accrues and is payable to the office of the county judge whether he performs the judicial service in connection with the proceedings, or whether in the event of his disqualification such services are performed by a circuit judge.
Our conclusion is consistent with the policy adopted by the legislature in prescribing fixed fees to be paid to county judges for the performance of all services rendered by them, both judicial and ministerial, in *467 the adjudication of certain specified types of actions filed in their court. As illustrative of this policy county judges are allowed a fixed fee of $5 for all services to be performed by them in certain specified types of civil actions,[12] and a fee of $7.50 for all services performed by them in criminal actions or proceedings.[13]
The decree appealed is accordingly reversed and the cause remanded for the entry of an appropriate decree consistent with the views expressed herein.
CARROLL, DONALD, C. J., and RAWLS, J., concur.

. F.S. See. 394.22, F.S.A.

. F.S. Sec. 394.23, F.S.A.

. F.S. Sec. 394.22(8), F.S.A.

. F.S. Sec. 36.17, F.S.A.

. F.S. Sec. 2S.24, F.S.A.

. F.S. Sec. 394.22(7) (c), F.S.A.

. McLeod v. Santa Rosa County, 116 Fla. 838, 157 So. 37.

.State ex rel. May, County Judge v. Fussell et al., 157 Fla. 55, 24 So.2d 804.

. F.S. Secs. 744.21, 744.24, 744.29, 744.32, 744.33, F.S.A.

. F.S. Sec. 394.22(7) (c), F.S.A.

. F.S. Sec. 394.22(1), F.S.A.

. F.S. See. 36.19, F.S.A.

. F.S. See. 36.20, F.S.A.