QUESTION: Is a clerk of the circuit court entitled to charge or collect the cost of postage, in addition to the service charge of 50 cents provided for in s. 712.06(3), F.S., when the clerk mails a notice of a claim of interest in land?
SUMMARY: The service charge required by s. 712.06(3), F.S., to be paid to a clerk of the circuit court for mailing of a notice of a claim of an interest in land is 50 cents. As there is no statute authorizing the clerk to make any additional charge based on postage costs, no such additional charge may be imposed upon the claimant by the clerk. Section 712.06(3), F.S., states, in pertinent part: The clerk of the circuit court shall, upon such filing, mail by registered or certified mail to the purported owner of said property, as stated in such notice, a copy thereof and shall enter on the original, before recording the same, a certificate showing such mailing. For mailing each such copy, the claimant shall pay the sum of fifty cents, in addition to the recording charges. (Emphasis supplied.) You stated in your letter that it is your personal interpretation of the above-quoted section that "the Legislature's intent was that the sum of 50 cents mentioned in s. 3 of the statute would be the service charge of the clerk for mailing, and that the clerk should also receive the necessary postage required for mailing." I find no basis for such an inference of legislative intent. On the contrary, the only charges imposed upon and required to be paid by "the claimant" are the 50-cent charge for mailing prescribed by s. 712.06(3), F.S., and the fees or charges for "recording" prescribed by s.712.06(2). Since the statute requires no other charges or fees of the claimant, neither may the clerk impose any additional requirement on the claimant. In Security Finance Co. v. Gentry,109 So. 220, 222 (Fla. 1926), the Florida Supreme Court stated: "The clerk's authority is entirely statutory, and his official action, to be binding upon others, must be in conformity with the statutes." In Pan American World Airways v. Gregory, 96 So.2d 669,671 (3 D.C.A. Fla., 1957), the court stated that "[t]he clerk is an officer of the court whose duties are ministerial and as such he does not exercise any discretion." And, in White v. Crandon,156 So. 303, 305 (Fla. 1934), the court stated: "The authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any manner than that which is authorized by law." The statutory requirement, that the clerk "shall" mail a copy of the notice and enter upon the original a certificate showing mailing of the copy, makes the performing of these functions a mandatory, ministerial duty of the clerk that could be coerced — upon timely payment of the statutorily prescribed charge — by mandamus. A clerk's dependence on statutory authority is particularly emphasized in regard to the imposition and collection of fees and service charges. In Bradford v. Stoutamire, 38 So.2d 684, 685 (Fla. 1949), the Florida Supreme Court stated: "It is a well known rule that fee statutes are to be strictly construed and none allowed except where clearly provided by law." Accord: State v. Fussell, 24 So.2d 804, 806 (Fla. 1946). And, in the often quoted case of Rawls v. State, 122 So. 222 (Fla. 1929), the court emphasized that "[p]ublic officers have no claim for official services rendered, except when, and to the extent that, compensation is provided by law, and when no compensation is so provided, the rendition of such services is deemed to be gratuitous." Accord: State ex rel. Landis v. Reardon, 154 So. 868, (1948); Pridgeon v. Folsom, 181 So.2d 222 (1 D.C.A. Fla., 1966). Accord: Attorney General Opinion 073-119. Thus, since s.712.06(3), F.S., clearly provides that the clerk's service charge for mailing a notice of a claim of an interest in land is to be 50 cents and clearly makes no provision for any other charge based on postage costs, your question is answered in the negative.