ON PETITION FOR ORDER TO SHOW CAUSE
MELVIN, Judge.
The petitioner has filed in this court an original proceeding seeking, by his petition, the issuance of a rule to show cause directed to the Governor of Florida, the Honorable Reubin O’D. Askew, and the Commission on Ethics, testing the authority of the Governor to suspend the petitioner from the office of Member of School Board of Lee County, Florida, for petitioner’s failure to file financial disclosure as required by Article II, Section 8 of the Florida Constitution, and bringing to question further whether the Commission on Ethics is unlawfully constituted in violation of Article II, Section 3 and Article IV, Section 1(f) of the Florida Constitution.
Article IV, Section 1(f) provides:
“ When not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office . . (Emphasis supplied)
The office of Member of the Florida Commission on Ethics is an office within the provisions of Article IV, Section 1(f), Florida Constitution. Squarely presented, therefore, is the question of whether the Constitution of Florida provides for appointment to the office of Member of the Florida Commission on Ethics by any authority other than the appointing power of the chief executive of the state.
*34 Constitutional authority may come into existence by a specific grant thereof or by the use of words and phrases which, by necessary implication, clearly indicate an intent on the part of the sovereign power— the people — to grant such authority or such power.
In construing a section of the Constitution, we do so with the view that the writers thereof structured every sentence to accomplish a stated or an implied purpose. Article II, Section 8(h)(3), Florida Constitution provides:
“The independent commission provided for in subsection (f) shall mean the Florida Commission on Ethics.”
This provision obviously had reference to that provision contained in Section 112.320, Florida Statutes (1975), wherein it is provided: “There is created a Commission on Ethics, . . .”, whereby the power of appointment to the office of Member of the Commission on Ethics was specifically dealt with. We hold that, to the limited extent here noted, the provisions of Article II, Section 8(h)(3), Florida Constitution, by necessary implication, adopted the method and procedure provided in Section 112.321, Florida Statutes (1975), as the constitutional procedure to be employed by the authority therein designated in the selection and appointment of one to serve in the office of Member of the Florida Commission on Ethics.
We now look to the challenge that the membership of the Florida Ethics Commission is unlawfully assembled in view of the provisions of Article II, Section 3, Florida Constitution, wherein it is provided:
“. . . No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.”
We hold this contention likewise to be without merit for the reasons above stated.
All other constitutional issues proffered here have been previously disposed of by a court of competent jurisdiction.
The petition of Joseph K. Isley for the issuance of an order to show cause having been examined and found to be without merit is
DENIED.
BOYER, Acting C. J., and ERVIN, J., concur.