John A. Grant, Jr. General Counsel Tampa Housing Authority Tampa
QUESTIONS:
1. Does a municipal housing authority have the authority to require security deposits of any nature from its tenants?
2. If a municipal housing authority is empowered to exact security deposits from its tenants, is it excepted or exempted from the operation of s. 83.49, F. S., by the terms of subsection (4) thereof?
SUMMARY:
Municipal housing authorities are without express or necessarily implied statutory authority to fix or regulate the amount of or to exact and collect security deposits from their tenants.
A municipal housing authority, established as provided for in s.421.04, F. S., is a `public body corporate and politic,' s.421.04(1), F. S., and the housing authority is defined by s.421.03(1), F. S., to mean any of the `public corporations' created by s. 421.04. See also AGO 078-33, in which it was concluded that a municipal housing authority is within the definitional purview of the general law waiving sovereign immunity in tort actions (s.768.28, F. S.), and in which it was stated that
 . . . there is no doubt but that a municipal housing authority is a public corporation or public quasi-corporation which discharges duties delegated to it by law within the boundaries of the municipality. See Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage Dist., 82 So. 346, 350 (Fla. 1919); and O'Malley v. Florida Ins. Guaranty Association, 257 So.2d 9 (Fla. 1971), in which the court listed housing authorities as examples of public corporations in Florida. Accord: Attorney General Opinion 077-92. (Emphasis supplied.)
Public corporations or public quasi-corporations and the governing bodies thereof may not do all that is not forbidden in advance by constitution or statute; they possess only such powers as are expressly granted by statute or necessarily implied in order to carry the expressly granted powers into effect. Forbes Pioneer Boat Line v. Board of Commissioners, 82 So.2d 346, 350 (Fla. 1919); see State Dept. of Citrus v. Huff, 290 So.2d 130, 131-132
(2 D.C.A.), cert. denied, 295 So.2d 632 (Fla. 1974); AGO 078-94. A necessarily implied power is one implied from an expressly granted power and essential to carry the expressly granted power into effect. Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936); AGO's 078-94 and 073-373; cf. Isley v. Askew, 358 So.2d 32, 34 (1 D.C.A. Fla., 1978); Edwards v. Lindsley, 349 So.2d 817, 818 (1 D.C.A. Fla., 1977). All express and implied prohibitions upon the exercise of express or implied powers should be taken into account in determining whether such powers may validly be exercised in a given case. Martin County v. Hansen, 149 So. 616, 617 (Fla. 1933) (stating that `the implied prohibitions of law are as effective as express prohibition'); cf. State ex rel. Arthur Kudner, Inc. v. Lee, 7 So.2d 110, 113-114 (Fla. 1942); Brown v. City of Lakeland,54 So. 716, 717 (Fla. 1911).
The term `security deposit' does not appear in Ch. 421, F. S., the Florida Housing Authorities Law, and no provisions have been found in that law which expressly authorize or require municipal housing authorities to exact from or require security deposits of their tenants, nor am I aware of any provision of any other statute expressly authorizing or requiring same. The only power to require payments from tenants and do regulate the amount thereof which is granted to a municipal housing authority by the provisions of the Florida Housing Authorities Law is the power, subject to the limitations contained in Ch. 421, to establish and revise `rents' and `charges.' See ss. 421.08(4), 421.09(2), 421.10(1)(c), F. S. While Ch. 421 does not purport to define either of the above terms, both `rent' and `charge' have been given fixed and definite meanings by case law. `Rent' signifies a fixed sum paid periodically for the use of property. M. E. Blatt Co. v. United States, 305 U.S. 267, 277 and 277 n. 3 (1938); Peterson v. Oklahoma City Housing Authority, 545 F.2d 1270, 1274 (10th Cir. 1976); cf. Bay Realty Corp. v. Becker, 157 So.2d 91, 92-93 (3 D.C.A.), certdenied, 165 So.2d 176 (Fla. 1964) (telephone security deposit and workmen's compensation insurance premium deposit were not `rents, issues and profits' covered by a mortgage on appellant's hotel realty). To `charge' has been defined as `to `lay on' or `impose' as a load, tax or burden, to fix or demand a price for a thing or service.' State ex rel. Ellis v. Atlantic Coast Line R.,37 So. 652, 656 (Fla. 1904). See also Southwestern Bell Tel. Co. v. United States, 45 F. Supp. 403, 406 (W.D.Mo. 1942); In re Clerk's Will, 179 Misc. 75, 37 N.Y.S.2d 522, 523 (Sur.Ct. 1942). A security deposit is to be distinguished from both rents and charges in that title does not pass to money given over to the landlord by the tenant as a security deposit. Peterson v. Oklahoma City Housing Authority, supra; Householder v. Block,62 So.2d 50-51 (Fla. 1952); Paul v. Kanter, 172 So.2d 26, 28 (3 D.C.A. Fla., 1965). It is not essential for a municipal housing authority to exact or impose and collect security deposits from its tenants in order to exercise its expressly granted powers to fix, collect, and regulate rents and charges, or to exercise any other power or perform any duty expressly provided for by any statute. Laws providing for fees or charges (and, analogously, `rents' and `charges' under Ch. 421, F. S.) are to be strictly construed. Bradford v. Stoutamire, 38 So.2d 684, 685 (Fla. 1948); State exrel. May v. Fussell, 24 So.2d 804, 806 (Fla. 1946); Rawls v. Stateex rel. Nolan, 122 So. 222-223 (Fla. 1929); AGO's 075-250 and 072-191; cf. McLeod v. Santa Rosa County, 157 So. 37, 39 (Fla. 1934); Brown v. St. Lucie County, 153 So. 906, 907 (Fla. 1933); State ex rel. Buford v. Spencer, 87 So. 634, 635-636 (Fla. 1921); AGO's 077-120, 076-113, 076-10, and 075-253. Thus, neither the provisions of Ch. 421 so construed nor the provisions of any other Florida statute provide for, authorize, or regulate the amount or collection and handling and disposition of security deposits with respect to the tenants of municipal housing authorities.
Moreover, it is a settled rule of statutory construction that, where the Legislature has by express terms stated the things or objects upon which a statute is to operate, other things not so mentioned are impliedly excluded from the statute's operation.E.g., Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); In re Estate of Ratliff, 188 So. 128, 133 (Fla. 1939). It would thus appear that, in expressly authorizing and circumscribing the power of housing authorities to establish and revise `rents' and `charges' under the Florida Housing Authorities Law, the Legislature has not onlynot authorized housing authorities to require security deposits from their tenants, but has impliedly prohibited and such requirement. Dobbs v. Sea Isle Hotel, supra; Alsop v. Pierce,19 So.2d 799, 805-806 (Fla. 1944); Forbes Pioneer Boat Line v. Board of Commissioners, supra, at 351; Devin v. City of Hollywood,351 So.2d 1022, 1025 (4 D.C.A. Fla., 1976); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433, 434 (Fla. 1973); cf. In re Advisory Opinion of Governor Civil Rights, 306 So.2d 520, 523 (Fla. 1975); AGO 076-51.
Section 83.49(4), F. S., does not purport to authorize a municipal housing authority to exact and collect security deposits from its tenants or to regulate the amount of security deposits. Instead, that subsection provides in material part that the provisions of s. 83.49 shall not apply to instances `in which amount of rent or deposit, or both, is regulated by law or rules or regulations of apublic body . . . other than for rent stabilization.' (Emphasis supplied.) No provision of the Florida Statutes has been brought to my attention and none has been found expressly or by necessary implication authorizing or requiring a municipal housing authority to fix and impose, collect, or regulate security deposits or to adopt a rule regulating same. Moreover, it is doubtful that a municipal housing authority is a landlord or person within the intendment of part II, Ch. 83, F. S. Public corporations, bodies politic, or public bodies are not considered `persons' in the absence of clear legislative intent to include same within the purview of an act employing that term. See City of St. Petersburg v. Carter, 39 So.2d 804, 805 (Fla. 1949); AGO 068-10; cf. United States v. Mayo, 47 F. Supp. 552, 556 (N.D.Fla. 1942), aff'd,319 U.S. 441, 445-446 (1946); Duval County v. Charlestown Lumber 
Mfg. Co., 33 So. 531, 532-533 (Fla. 1903). See also s. 1.01(3) and (9), F. S. No. such legislative intent has been found as would indicate that municipal housing authorities are subject to the provisions of part II, Ch. 83, F. S.
The absence of any legislative authorization, express or implied, for the collect of security deposits from tenants in public housing projects operated by municipal housing authorities, and the concomitant absence of any legislative guidelines for or limitations upon the assessment of same, require the conclusion that a municipal housing authority lacks the power to require security deposits from tenants in its public housing projects.
Your first question is answered in the negative. Having concluded that a municipal housing authority is not authorized to exact or to fix the amount of and to collect security deposits from its tenants, your second question becomes moot.
Prepared by: Dennis J. Wall, Assistant Attorney General