Mr. Jim Davis Chairman State Retirement Commission 530 Carlton Building Tallahassee, Florida 32301
Dear Chairman Davis:
This is in response to your request for an opinion on substantially the following question:
 WHETHER s. 121.24(4), F.S., AUTHORIZES THE PAYMENT OF AN HONORARIUM FOR WORK DONE BY INDIVIDUAL COMMISSIONERS IN PREPARATION FOR THE COMMISSION MEETINGS?
The Florida State Retirement Commission is created within the Department of Administration by s. 121.22, F.S., for purposes of hearing applications for disability retirement, decisions on reexamination of retired members receiving disability benefits, applications for special risk membership in the Florida Retirement System, and applications for eligibility for the State University System optional retirement program as provided in s. 121.35. See, s. 121.23, F.S. The seven member commission is appointed by the Governor. The guidelines for the conduct of the commission's business are set forth in s. 121.24, F.S. The members of the commission do not receive a regular salary; however, pertinent to your inquiry, subsection (4) of s. 121.24, provides:
 The members of the commission shall be paid an honorarium of $50 for each day spent on the work of the commission. In addition to the honorarium, each member shall receive per diem and travel expenses as provided in s. 112.061. The official headquarters of each member, for the purpose of calculating per diem and travel expenses, shall be his permanent home address. Members of a state-administered retirement system who are appointed to the commission shall have their work on the commission considered as part of their regular job assignments and shall not be required to take leave while engaged in the business of the commission. The receipt of an honorarium shall have no effect on the retirement benefits of a retired member of the commission. (e.s.)
You state in your letter that the State Retirement Commission each month holds groups of hearings at a different location. Apparently, the bulk of the commission's caseload involves applications for disability retirement benefits which necessitates voluminous work in prehearing preparation by individual members of the commission, including the reading of physicians' depositions and reports, hospital reports and records, among other things. Because of the large volume of depositions and other documents involved in these cases, you state this prehearing review is necessary; otherwise the time spent conducting hearings would have to be greatly expanded. You therefore ask whether the members of the commission are entitled to the $50 honorarium for the work spent in preparation for the actual hearings.
Nowhere in these statutes does the Legislature define the word "honorarium" or the phrase "for each day spent on the work of the commission"; nor does there appear to have been a judicial determination regarding the application of the terms for purposes of these statutes. Further, my examination of the legislative history of the enactment of this law fails to reveal any evidence of legislative intent which would shed any light on this question. The Random House Dictionary of the English Language 682 (Unabridged ed. 1967), generally defines "honorarium" as a "reward, in recognition of acts or professional services for which custom or propriety forbids a price to be set." See, AGO 73-386, concluding that payments of money received by public officials as speech honorariums represent a valid quid pro quo and thus are not gratuitous payments of money which need to be reported as contributions under s. 111.011, F.S. Cf., 41 C.J.S. Honorarium p. 325 (voluntary reward for that for which no remuneration could be collected by law, therefore a voluntary payment for a service rendered, an expression of gratitude for which an action cannot be maintained). The payment of $50 pursuant to s. 121.24(4), although an honorarium and thus a reward or expression of gratitude for a commissioner's work on the commission, nonetheless is given to the commissioners as a quid pro quo for such work and thus would appear to be in the nature of compensation to the commissioners.
The rule of construction applicable to statutes dealing with the compensation payable to public officials is that such statutes are to be strictly construed. Gavagan v. Marshall, 33 So.2d 862
(Fla. 1948); State ex rel. May v. Fussell, 24 So.2d 804 (Fla. 1946); Pridgeon v. Folsom, 181 So.2d 222 (1 D.C.A. Fla., 1965). And see, 67 C.J.S. Officers s. 226 providing that statutes relating to the compensation of public officers or employees must be strictly construed in favor of the government, and such officers or employees are entitled only to that which is clearly given. While the phrase "for each day spent on the work of the commission" is broad and could be construed to include days spent in preparation for the actual meetings and hearings of the commission, because of the application of rules of statutory construction relating to compensation, I am of the view that the language contained in s.121.24(4) should be strictly construed and that the honorarium authorized therein should be limited to those days which the commission actually conducts such meetings and hearings contemplated by the statute. Had the Legislature intended to authorize the payment of the honorarium for work done in preparation of the meetings and hearings, such authority could have been expressly provided, or alternatively, the Legislature could have granted the commission the authority to adopt rules defining such terms. Compare, s. 455.207(2), F.S., authorizing the payment of $50 to a member of a board or commission within the Department of Professional Regulation for each day he attends an official meeting of the board and for each day he participates in "any other business involving the board;" the statute expressly authorizes such a board or commission to adopt rules defining the phrase "other business involving the board" provided that such phrase is not defined to include telephone conference calls.
An examination of s. 121.24, F.S., in its entirety supports such a conclusion. Cf., State v. Rodriguez, 365 So.2d 157, 159 (Fla. 1978) (entire statute must be considered in determining legislative intent); State v. Gale Distributors, Inc., 349 So.2d 150
(Fla. 1977). Subsection (1) initially provides that the "commission shall conduct its business" within the guidelines specified therein. Paragraph (a) of that subsection provides that a quorum shall consist of four members and that a concurring majority vote of the members present is required to reach a decision, issue orders, and conduct the business of the commission. Paragraph (b) of that subsection in pertinent part, provides: "The chairman shall conduct the meetings and hearings of the commission and shall take whatever action is necessary to ensure that the business of the commission is conducted in an equitable, orderly, and expeditious manner." (e.s.) The Division of Retirement is responsible for providing a place where the commission may hold its meetings. It would therefore appear that the Legislature intended the phrase "work of the commission" to refer to the "meetings and hearings of the commission" and that it was to compensate for attendance at such meetings and hearings that the $50 honorarium was provided.
While it can be argued that the time spent by individual commissioners in preparation for the meetings and hearings should be compensated, this is a policy or legislative decision which this office cannot make but is a matter for legislative consideration. I would note, additionally, that subsection (4) of s. 121.24 provides that "[m]embers of a state-administered retirement system who are appointed to the commission shall have their work on the commission considered as part of their regular job assignments and shall not be required to take leave while engaged in the business of the commission." Thus until such time as the Legislature clarifies its intent regarding the payment of the honorarium to commission members pursuant to s. 121.24, F.S., I am of the opinion that the statute should be strictly construed and the honorarium should be limited to those days that the commission actually meets to conduct its business.
In conclusion, until and unless legislatively or judicially clarified, I am of the view that the $50 honorarium should be paid pursuant to s. 121.24, F.S., for the days actually spent for the conduct of meetings and hearings of the State Retirement Commission and should not include days spent in preparation for commission hearings.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General