Roger Poitras Clerk Circuit Court Fort Pierce
QUESTIONS:
1. Is the $5 service charge required by s. 28.2401(1)(a), F. S. 1977, for the deposit of a will of a decedent with the court, to be credited to and deducted from the other service charges for summary or formal administration required by other paragraphs of s. 28.2401(1), F. S. 1977?
2. Does the $10 service charge for disposition of personal property without administration fixed by s. 28.2401(1)(e), F. S., cover all letters or other writings under seal of the court required to be issued by the court, or must an additional charge of $10 be exacted for each such letter or other writing required to be issued when, for example, the assets are not congregated in one institution or location?
3. When a service charge for a formal administration has been paid under s. 28.2401(1)(h) or (i), F. S., and an inventory subsequently filed reveals assets in excess of those amounts upon which the charges for formal administration were based and fixed by paragraph (h) or paragraph (i) of s. 28.2401(1), F. S., and this greater inventory value falls into a higher scheduled charge category, should the difference in the prescribed charges between the lower estate valuation and the higher estate valuation be charged and collected?
The $10 service charge required by s. 28.2401(1)(e), F. S., for disposition of personal property without administration covers all services performed and all letters or other writings under the seal of the court which are issued by the court in the proceedings.
A subsequent inventory filed in a probate or guardianship proceeding, which shown an estate or inventory value greater than the inventory value upon which the prescribed service charge was initially paid and such greater value falls into a higher scheduled charge category, requires that the difference between the two scheduled chrges fixed by the statute be charged and collected.
SUMMARY:
The $5 service charge required by s. 28.2401(1)(a), F. S., for the deposit of a will of a decedent has been repealed by s. 2, Ch.78-367, Laws of Florida, effective October 1, 1978, and, therefore, any question as to its credit to or deduction from other service charges for summary or formal administrations of estates has become moot.
AS TO QUESTION 1:
Your question is apparently prompted by the enactment of s. 2, Ch.77-284, Laws of Florida, codified as s. 28.2401(1)(a), F. S., effective October 1, 1977, that required a $5 service charge to be paid upon the deposit of a will of a decedent. The custodian of a will was required by s. 732.901, F. S. 1975, to deposit a decedent's will with the clerk of the court having venue of the estate of a decedent within 10 days of the death of the testator. Upon a petition therefor, and service of notice on the custodian, he could be compelled to comply with this statutory requirement. Prior to the enactment and effective date of s. 2, Ch. 77-284, the will's custodian was not statutorily charged for this initial deposit of the will since he did not necessarily have any real interest in opening an estate. See AGO 072-414. Effective October 1, 1978, s. 2, Ch. 78-367, Laws of Florida, repealed s.28.2401(1)(a), F. S., as amended by Ch. 77-284, the statutory requirement for the service charge for the deposit of a will. Therefore, any question regarding its credit to or deduction from other service charges for summary or formal administrations required by other paragraphs of s. 28.2401(1) has become moot.
AS TO QUESTION 2:
Section 28.2401(1)(e), F. S., reads: `Except when otherwise provided, the service charges for the following services shall be: . . . For disposition of personal property without administration . . . $10.00.' You question whether this $10 service charge is to cover all letters or other writings under seal of the court which are issued by the court, or whether an additional $10 service charge must be paid for each such letter or other writing so issued.
Subsection (2) of s. 735.301, F. S., provides:
 Upon informal application by affidavit, letter, or otherwise
by any interested party, and if the court is satisfied that subsection (1) is applicable, the court, by letter or other writing under the seal of the court, may authorize the payment, transfer, or disposition of the personal property, tangible or intangible, belonging to the decedent to those persons entitled. (Emphasis supplied.)
Rule 5.420(6), Fla. PGR, restates, substantially verbatim, the language of s. 735.301(2), F. S.
It is my understanding from communications with personnel in your probate division and with the clerk's office here in Leon County that the practice in your office and elsewhere in the state is for the clerk's office to issue separate letters or authorizations to each individual or institution holding a decedent's personal property. The $10 service charge is for `disposition of personal property without administration'; this service charge is not specifically for individual letters or other writings under seal of the court authorizing payment or transfer of the personal property of a decedent, but for all services and letters or other writings issued in the proceedings. The rule that a fee statute must be strictly construed is applicable. Only that charge which is clearly provided for can be exacted. See Bradford v. Stoutamire, 38 So.2d 684 (Fla. 1949). Therefore, it is my conclusion that unless, and until, the Legislature clearly provides that this $10 service charge is to be based upon the number of such letters of other writings that are issued by the court pursuant to s. 735.301(2), F. S., the $10 service charge is the total charge which may be made for such services pursuant to s. 28.2401(1)(e), F. S.
AS TO QUESTION 3:
Section 28.2401(1)(h), (i), and (j), F. S., requires specified service charges in designated probate and guardianship proceedings based upon the value of the inventory:
You want to know if an inventory filed subsequent to the payment made for the above service charges shows a value in excess of that for which the payment was made and such value falls under a higher scheduled charge category, should your office charge and collect the prescribed charges on the higher inventory value, or the difference between the charges initially paid and the charges that would have been due on the increased inventory value. These three paragraphs of s. 28.2401(1) took their present form from s. 2, Ch.77-284, Laws of Florida. Prior to this amendment, s. 28.2401, F. S. (1972 Supp.), had required a fee to be paid based upon a two-fold classification:
In AGO 072-327, I construed the above provisions and concluded that if a corrected inventory showed an estate value in excess of $60,000 and the filing fee had been paid on an inventory for less than $60,000, the difference, $15, must be paid. This conclusion and the expressed reason therefor apply with equal effect to your third question.
The only changes made by the 1977 Legislature were to increase to $100 the charge for estates with an inventory value of $100,000 or more, and to specify that the charges were being made for `[f]ormal administration, guardianship, ancillary, curatorship, or conservatorship, proceedings.' It is, therefore, my conclusion that if an inventory filed subsequent to the payment of the service charges required by paragraph (h) or paragraph (i) of s.28.2401(1), F. S., shows an estate or inventory value greater than the inventory value upon which the service charge was initially paid and the greater value falls into a higher scheduled charge category, then the difference between the two scheduled charges must be charged and collected.
Prepared by: Craig B. Willis, Assistant Attorney General