Action by R.F. Bradford and others, as the Board of County Commissioners of Leon County, Florida, against Frank Stoutamire, as Sheriff of Leon County, Florida, for declaratory decree to test legality of sheriff's bill for fees relating to cases against persons arrested by highway patrolmen and turned over to the sheriff. From a judgment for the defendant, plaintiffs appeal.
Reversed.
The Sheriff of Leon County submitted a bill for fees to the Board of County Commissioners. Payment was refused and the county filed a bill for a declarative decree to test their legality. Upon final hearing the chancellor held the fees a proper charge against the county and the latter has appealed.
The fees in dispute relate to cases against persons arrested by highway patrolmen and turned over to the sheriff. The sheriff contends that when the highway patrolmen make an arrest fees accrue the same as when the sheriff makes an arrest and they become a part of the sheriff's *Page 685 
compensation. He relies upon 321.05, Fla. Stat. 1941, F.S.A.:
"* * * In all cases of arrest by patrol officers the person arrested shall be delivered forthwith by said officer to the sheriff of the county or he shall obtain from such person arrested a recognizance or, if deemed necessary a cash bond or other sufficient security conditioned for his appearance before the proper tribunal of such county to answer the charge for which he has been arrested and all fees accruing shall be taxed against the party arrested, which fees are hereby declared to be part of the compensation of said sheriffs authorized to be fixed by the legislature under article VIII, § 6 of the constitution, to be paid such sheriffs in the same manner as fees are paid for like services in other criminal cases. * * *"
This law is Chapter 23724, Acts of 1947, which amended the 1941 law. Prior to the 1947 amendment, the statute read in substance that when the patrol officer delivered the prisoner to the sheriff the fees accruing thereafterwards should be taxed against the party arrested, which fees were declared to be a part of the sheriff's compensation. See 321.05, Fla.Stats. 1941, F.S.A., Chapter 20451, Laws of 1941. The 1947 amendment eliminated the word "thereafterwards".
The law provides for no fees to a highway patrolman. Their pay and expense is otherwise provided for. For fees to be collected by an officer the law must clearly provide for such. We find no language in the statute providing for fees prior to delivery to the sheriff. In the absence of a law to sustain them naturally they accrue to no one.
The argument is made of legislative intent by eliminating the word "thereafter" in the 1947 act. In fact, this is the gist of the argument. We find sustaining reason against it in the fact that if the legislature had intended that fees be paid they would have expressly said so and not left it to implication and doubt. We may well assume that the lawmakers were well aware of the fact that the sheriff was precluded from charging constructive mileage (Section 30.27, Fla. Stat. 1941, F.S.A.) and too, the state paid for the service rendered by the patrolman. To allow fees to the sheriff for services rendered by the highway patrol, who is paid a salary, would be paying twice for the same service. We have no reason to suppose that this was the legislative intent.
It is not a case where service is required of an officer without compensation. In fact, each is paid for the service rendered. The patrolman is paid his salary and expense; the sheriff is paid fees for the duties required of him. It is a well known rule that fee statutes are to be strictly construed and none allowed except where clearly provided by law.
Reversed.
THOMAS, C.J., and TERRELL, CHAPMAN, BARNS and HOBSON, JJ., concur.
SEBRING, J., concurs in conclusion and judgment.