WIGGINTON, Acting Chief Judge.
Appellant instituted this action pursuant to Chapter 87, F.S.A., by which he prayed for a judicial declaration of his rights as the former sheriff of Lafayette County to receive compensation for official services-rendered during the years 1959 and I960'. From the final decree rendered herein, this-appeal is taken.
The controlling facts in this case were-stipulated to by the parties and are not in dispute. The decree turned upon a construction of those provisions of the statutes-governing the compensation payable to-appellant as sheriff which the chancellor considered to be applicable to the facts.
At the time appellant commenced serving his four-year term as sheriff of Lafayette County in 1957, the compensation payable to him was that provided by Chapter 145, F.S.A.[1] It will be noted that under this statute appellant’s compensation was-paid exclusively from the net income of his office, which net income consisted of the residue of the income of the office after deducting all reasonable expenses of operation. [2]
*224 During the legislative session of 1957 there was enacted Chapter 57-921. This act is of the type commonly referred to as a general act of local application, the population classification of which is so narrow as to include only Lafayette County, and to exclude all other counties of the state. This statute provides that the sheriff shall receive a minimum compensation of $6,000.-00 per annum, and that if his fees do not equal such amount by the end of the fiscal year, the Board of County Commissioners shall pay the difference to the sheriff from the county fine and forfeiture fund. This statute differed from F.S. Chapter 145, F. S.A., in that it provides that the sheriff’s compensation shall be supplemented by payments from county funds up to and including a minimum salary of $6,000.00 per an-num in the event the net income of the office is not sufficient to pay such amount, whereas Chapter 145 provides no supplemental payments by the Board of County Commissioners from county funds for sheriffs’ salaries. Appellant’s compensation for the calendar years 1957 and 1958 consisted of net income from fees as supplemented by payments from county funds according to the terms of the above-mentioned 1957 special act, Chapter 57-921.
For the subsequent years of 1959 and 1960 the Board of County Commissioners refused to compensate appellant by supplemental payments from county funds in accordance with the provisions of Chapter 57-921, as it had done for the year 1958. Litigation challenging the validity of Chapter 57-921 was instituted and the act held unconstitutional and void by a final decree rendered by the Circuit Court of Lafayette County on December 28, 1960. It therefore seems apparent that the compensation to which appellant is entitled for official services rendered, as sheriff during the years 1959 and 1960 is as specified by Chapter 145, F.S.A., unless a different method for computing and paying the sheriff’s salary is provided by some other valid statute.
During the legislative session of 1957, at which the sheriff’s compensation act applicable only to Lafayette County was adopted, the legislature enacted Chapter 57-368 purporting to fix the amount of salaries to be paid the sheriffs of the several counties of this state, and prescribing budgeting procedures to be followed in connection with the operation of the sheriffs’ offices in the counties affected. The statute so adopted specifically excludes from its operation Lafayette County, as well as a number of other counties in the state. This statute was held unconstitutional by the Supreme Court in the case of Shelton v. Reeder[3] decided June 23, 1960. Since this statute is not applicable to Lafayette County, its validity or invalidity would appear to be unimportant insofar as the issues in the case sub judice are concerned.
The legislature of 1959 enacted Chapter 59-216 purporting to amend Chapter 57-368, Acts of 1957, by removing therefrom the constitutional infirmities which caused the latter act to be stricken in the Shelton case mentioned above. Chapter 59-216 provides that the compensation of each sheriff in the state shall be such salary as may be fixed by the legislature, and until otherwise so fixed, it shall be equal to the compensation earned by such officer or his predecessor in office and payable to him in the year 1958.[4] The statute further requires the sheriff to submit to the board of county commissioners or the budget commission of his county, at the beginning of each fiscal year, a budget setting forth the estimated costs and expenses of operating his office for the ensuing year; for the ap *225 proval or modification of such budget, and for an appeal in the event the action of the budget authority is not acceptable to the sheriff.[5] Section 4 of Chapter 59-216 specifically provides that it shall'take effect only if budgeting procedures shall be instituted in accordance with existing law.
Appellant contends that since Chapter 57-921 fixing his minimum compensation at $6,000.00 annually was not held to he unconstitutional by the Circuit Court of Lafayette County until December 28, 1960, he was not aware until that date of the necessity for relying on some other provision of law for the payment of his compensation for the years 1959 and 1960. He contended in the trial court, and contends here, that his compensation should not be confined to the net earnings of his office without supplementation from county funds for the years in question as provided by Chapter 145, F.S.A., but contends that his right to compensation is controlled by Chapter 59-216, enacted during the legislature of 1959, but which did not become effective until October 1 of that year. Appellant contends that under this statute his compensation shall be equal to that received by him during the year 1958, which was the sum of $6,000.00 paid pursuant to the provisions of Chapter 57-921 later held to be unconstitutional.
By his final decree the chancellor held that compliance with the budgeting procedures required by Chapter 59-216, Laws of 1959, was a necessary prerequisite to appellant’s right to rely on the provisions of that statute for the fixing of his compensation, and since it is admitted that ño such compliance was made by appellant, the provisions of that act are inapplicable as a basis for fixing appellant’s compensation. The chancellor found that appellant’s compensation for the years 1959 and 1960 is controlled by Chapter 145, F.S.A., and since the expense of operating his office for those years equaled the earnings of the office, there remained no net income payable to appellant as salary for the performance of his official duties.
Chapter 59-216, the 1959 amendment to the sheriff’s salary act, did not become a law until June 3, 1959, and by its terms did not become effective until October 1, 1959. The act specifically provides that it shall be effective only if budgeting procedures are instituted by the sheriff whose salary will be computed and paid in accordance with the terms of the act. Obviously this requirement was not applicable to salaries for the year 1959 which accounts for that provision of the act which requires that until otherwise fixed by the legislature, the sheriff’s salary shall be equal to the compensation earned by him in the year 1958. As heretofore indicated, appellant’s compensation for 1958 amounted to the sum of $6,000.00.
It is understandable why appellant failed to comply with the budgeting requirements of Chapter 59-216 for the year 1960 since during that period he was relying upon the efficacy of Chapter 57-921 as the basis for his compensation. It is nevertheless admitted that he did not institute the budgeting procedures required as a prerequisite to the applicability of Chapter 59-216 to the salary of his particular office for the year 1960. More than this, it clearly appears to have been the legislative intent in enacting Chapter 59-216 that the boards of county commissioners of the respective counties would not be required to supplement the sheriff’s salary from county funds unless those boards, or a duly constituted budgeting commission, had some degree of budgetary control over the expenditures to be made by the sheriff out of the income of his office for its operation. It does not seem reasonable that the legislature would have intended that the sheriff be given free rein in the expenditure of the income derived from the operation of his office, and then to require the county to supplement the sheriff’s salary up to a fixed amount in the event the income of his office *226 in excess of operating expenses was insufficient to meet such amount. This is not an “eat your cake and have it, too” type of statute. Control was intended to follow the dollar.
It is the settled law of this state that public officers have no claim to compensation for services rendered except when and to the extent that it is provided by law, and the statutes dealing with the compensation payable to public officials are to be construed strictly. [6]
It is our view and we so hold that appellant is entitled to the benefits of Chapter 59-216, the 1959 amendment to the sheriff’s salary act, insofar as concerns his right to compensation for the year 1959. Under the terms of this act he was entitled to be paid an amount equal to the compensation he received as sheriff for the year 1958, which was the sum of $6,000.00. The budgetary requirements as specified in the act were not applicable to the year 1959 since nine months of that year had expired before the act became effective, and it was then palpably too late for budgetary requirements to be instituted or complied with. However, since appellant did not submit to the board of county commissioners a budget for the operation of his office covering the fiscal year October 1, 1959, to September 30, 1960, or for the fiscal period October 1, 1960, to the end of his term in January 1961, appellant is not entitled to the benefits of Chapter 59-216, Laws of 1959, authorizing a salary of $6,000.00 per annum as was received by him in 1958. Insofar as concerns his salary for the year 1960, appellant is relegated to the provisions of F.S. Chapter 145, F. S.A., which provides that his salary not exceeding the sum of $6,000.00 shall be paid only from the excess earnings of his office. This is the conclusion reached by the chancellor, with which conclusion we agree.
The final decree appealed is affirmed in part, reversed in part, and the cause remanded for the entry of an appropriate decree consistent with the views we express herein.
STURGIS and JOHNSON, JJ., concur.

. § 145.01, F.S.A.

“Compensation of county officials who are paid l)y fees or commissions

“Each county official whose compensation for his official duties is paid wholly or partly by fees or commissions, shall receive as his yearly compensation for his official services from the whole or part of the fees, or commissions so collected, the following sum only: All the net income from his office not to exceed seven thousand five hundred dollars. As amended Laws 1953, c. 28041, § 1.”

. § 145.02, F.S.A.

“Same; definition of ‘net income’

“The term ‘Net income,’ as provided by §§ 145.01 — 145.05, shall mean the residue of the income from such office after deducting all reasonable expenditures for the salaries of clerks and assistants and the necessary expenditures for the proper operation of said office.”

. Shelton v. Reeder, (Fla.1960) 121 So.2d 145.

. § 30.48(2), F.S .A.
“The annual salary of each sheriff shall be fixed by the legislature; provided, however, that until otherwise so fixed, the annual salary of each sheriff shall be equal to the compensation earned by such officer or his predecessor in office and payable to him in the year 1958.”

. § 30.49, F.S.A.

. Gavagan v. Marshall (1948), 160 Fla. 154, 33 So.2d 862.