QUESTIONS: 1. May the clerk of a circuit court impose a $10 fee for issuance of a writ of possession in a residential tenant removal case? 2. In a residential tenant removal action not involving monetary damages, should the clerk charge the filing fee ($3.50) prescribed by s. 34.041(1)(a), F. S., for claims less than $100?
SUMMARY: There is no service charge or fee prescribed by statute to be paid in a residential action for possession for issuance by the clerk of a writ of possession under s. 83.62, F. S., and the clerk is not authorized or required to charge and collect any fee therefor. Pending legislative or judicial determination to the contrary, the filing fee in actions for possession of rented dwelling or residential units not involving any claim for monetary damages or unpaid rent should be the $3.50 filing fee prescribed by s. 34.041(1)(a), F. S., for claims less than $100, payable upon institution of any such action. You referred in your letter to the $10 fee which, under s. 34.041(1)(d), F. S., is required of the plaintiff in a distress proceeding in addition to the regular filing fee based upon the amount of the claim (see AGO 072-425). You noted that you have found no service charge or fee provided by statute for issuing a writ of possession in an action for possession (see s. 83.62, F. S.). However, you seemed to suggest that, nevertheless, you should be able to charge and collect a $10 fee for issuing a writ of possession in such an action, since an additional $10 filing fee is required in distress proceedings. Two points should be made clear at the beginning. First, the additional $10 fee prescribed by s. 34.041(1)(d), supra, is not designated as a fee for issuing a distress writ; rather, it is an additional filing fee for a distress (or garnishment, attachment, or replevin) proceeding brought in county court, payable upon filing the action. Second, a distress for rent proceeding and a residential action for possession (see ss. 83.59-83.60, F. S.) are two separate and distinctive proceedings. A distress proceeding is one in which property distrainable for rent is levied on by the sheriff pursuant to duly issued process. If not restored to the defendant on giving proper forthcoming bond, the property is sold by the sheriff under a judgment for the landlord and the proceeds of such sale applied on the payment of the execution (see ss.83.08-83.19, F. S.). An action for possession of dwelling or residential units is one brought upon the termination of a rental agreement (see s. 83.56, F. S.) to recover possession of the rented premises or for the removal of a tenant in which the landlord is entitled to the summary procedure provided in s.51.011, F. S. After entry of judgment for the landlord, the writ of possession is issued by the clerk of court (see ss. 83.59 and83.62, F. S.) for the purpose of commanding the sheriff to put the landlord in possession of the residential unit. Thus, even if there were a fee prescribed by statute for issuing a distress writ (and there is not; there is only the additional $10 filing fee), there would be no basis in law for applying a fee statutorily prescribed for one type of action to another type of action for which no service charge or fee is authorized or required. As the Florida Supreme Court stated in Bradford v. Stoutamire,38 So.2d 684, 685 (Fla. 1949), "[i]t is a well known rule that fee statutes are to be strictly construed and none allowed except where clearly provided by law." Accord: State v. Fussell, 24 So.2d 804 (Fla. 1946). I have found nothing in Ch. 83, supra, either requiring or authorizing a $10 service charge or fee or any other fee for issuance of a writ of possession in a residential action for possession. Neither have I found any such requirement or authorization in s. 34.041, F. S. (relating to county courts), or in s. 28.24, F. S. (relating to service charges of clerks of the circuit courts). Thus, under the above-stated principle from Bradford v. Stoutamire, supra, your first question must be answered in the negative. As to your second question regarding the proper filing fee, there does not appear to have been provided any specific filing fee for a residential action for possession or removal of a tenant in which neither damages nor unpaid rent is sought (cf. s. 83.625, F. S.) as has been provided for distress, attachment, replevin, and garnishment in s. 34.041(1)(d), supra. However, I do not take this to mean that the Legislature intended there to be no filing fee in an action to recover possession of demised residential premises. The Legislature might well wish to place residential actions for possession or removal of tenants along with distress, attachment, replevin, and garnishment proceedings because of their somewhat similar aspects and to charge the same $10 additional filing fee. However, pending such action by the Legislature, or clarification by the courts, it is my opinion that the filing fee in actions for possession of demised dwelling units not involving any claim for damages or unpaid rent should be $3.50, as prescribed by s. 34.041(1)(a), supra, for "all claims less than $100," payable upon the institution of any such action.