QUESTION: What is the authorized fee which may be charged by a county supervisor of elections for the certification of names on petitions collected for the purpose of placing an initiative question on the ballot?
SUMMARY: Supervisors of elections are authorized to determine the registration or nonregistration of names appearing on initiative petitions referred to in s. 3, Art. XI, of the State Constitution, and in the rendering of such service to charge a fee therefor not to exceed 3 cents per name on which this information is furnished as authorized by s. 98.212(3), F. S. 1971, plus the customary fee of 50 cents for affixing his official seal to the certification on such petition as authorized by ss. 98.211 and 28.24(18), F. S. I have previously ruled on a substantially identical question in AGO 072-221, where I concluded: Therefore, based upon the foregoing authorities, I am of the opinion that a county supervisor of elections has the authority under s. 98.212(3), F. S., to examine and certify names on petitions to be filed with the secretary of state for the purpose of placing an initiative amendment on the ballot and to charge a fee for that service on a cost basis, which in no case shall exceed the charge of three cents for each name; and in addition thereto, for certifying the total number of electors signing such petitions the added fee of fifty cents as prescribed in ss. 98.211 and 28.24(18), F. S., for the affixing of the official seal of such supervisor. (Emphasis supplied.) In the lengthy discussion which preceded the above-quoted conclusion in AGO 072-221, I also noted: It is the settled law in this state that public officers have no claim to compensation for services rendered except when and to the extent provided by law, and such law shall be strictly construed. The right to collect any fee is dependent upon statutory authority. Pridgeon v. Folsom, Fla. 1 D.C.A. 1965, 181 So.2d 222; Gavagan v. Marshall, Fla. 1948,33 So.2d 862. See also AGO 053-188, Oct. 6, 1953, Biennial Report of the Attorney General, 1953-1954, pp. 255-257 and AGO 067-44. In AGO 072-314 the same question was posed again, and there I reaffirmed the conclusions reached in AGO 072-221. My research indicates that there has been no substantive change in the constitutional and statutory authorities relied upon in AGO 072-221. Accordingly, I again reaffirm the conclusions reached therein.