Fred W. Baggett Counsel Florida Association of Court Clerks Tallahassee
QUESTION:
If a clerk of the traffic court does not collect the service charge of $4 `for writing any paper other than herein specifically mentioned' as provided in s. 28.24(12), F. S. (1978 Supp.), is such clerk personally liable for not collecting the service charge?
SUMMARY:
The traffic court or its clerk is not empowered by statute to make and collect any service charge against the state or any agency thereof for completing, sealing, signing, and submitting the D-6 (court report) form promulgated by the Department of Highway Safety and Motor Vehicles for reporting the failure of any person to appear at a hearing as specified in s. 318.15, F. S., or to pay any civil penalty imposed by a traffic court or otherwise fail to comply with the requirements thereof under the provisions of Ch. 318, F. S., to the Department of Highway Safety and Motor Vehicles for the purpose of effecting a suspension of such driver's license and privileges as directed by s. 318.15. The clerk of the traffic court (or the clerk of the circuit court serving in that capacity) is not authorized by law to make and collect such a service charge from the state or any agency thereof for the completion and submission of such court reports to the department for the traffic court. Accordingly, until judicially determined to the contrary, the traffic court clerk is not personally liable for not collecting such a service charge.
Your question, as stated, is answered in the negative.
The sample D-6 (court report) form submitted for my examination provides that the court report to the Department of Highway Safety and Motor Vehicles (hereafter the department) that the person referred to therein failed to answer to the court for a traffic violation or infraction or failed to appear to answer a summons involving a traffic violation listed in s. 318.17, F. S., and Ch. 322, F. S. The form, once completed, is to be signed by the judge or clerk and sealed with the court's or the clerk's seal. You state that the Traffic Court Review Committee of the Supreme Court of Florida has concluded that the assessment of a service charge of $4 as provided in s. 28.24(12), F. S., `for writing any paper other than herein specifically mentioned [is] appropriate' (Emphasis supplied.) for the completion of these forms and reporting such defaults to the department for driver's license suspensions. I am informed by the department that the D-6 (court report) forms are promulgated in order to implement the provisions of s. 318.15, F. S., which provides for the suspension of a driver's license and privileges effective on the date that any person fails to appear at the hearing specified therein or fails to comply with any civil penalty imposed by the traffic court under the provisions of Ch. 318, F. S.
Section 318.15, F. S., expressly provides that a person's driver's license and privileges are deemed or taken to be suspended as of the date he fails to appear at the hearing as specified therein, or to comply with the civil penalty imposed by the traffic court or otherwise fails to comply with the requirements of s. 318.15. The department, however, is specifically charged with the administration and enforcement of the laws of the state relating to the operation of motor vehicles and the suspension of drivers' licenses; thus, it is the department which must give effect to the statute. To do so, however, the department must be advised in some manner that the person failed to answer to the court for a traffic violation or infraction or to pay a civil penalty imposed by the court. Once the department has been notified of the suspension, it may take the appropriate action in entering the suspension on its records; the date of the suspension, however, is retroactive to the date of the person's failure to comply or appear and is not the date of the department's notification. The D-6 forms also provide for the court to report a person's failure to appear to answer a summons involving traffic violations listed in s. 318.17
and Ch. 322, F. S. Section 322.02(1) and (3) expressly charges the department with the administration and function of enforcement of the provisions of Ch. 322 and authorizes the department to make and adopt rules and regulations for the orderly administration of the chapter. Moreover, subsection (2) of s. 322.02 provides that the official actions and decisions of the director as the executive officer of the Division of Driver Licenses of the department `shall be conclusive unless the same are superseded or reversed by said department or by a court of competent jurisdiction.'
Thus, until determined otherwise by the court, the department's promulgation and implementation of the D-6 forms appear to be authorized by s. 318.15, F. S., read with s. 322.02, F. S., in order to assist both the traffic courts and the officials of the Division of Driver Licenses in carrying out the legislative intent and purpose shown in s. 318.15 regarding the suspension of drivers' licenses. The Florida Rules of Court (1979) appear to recognize the department's responsibility and authority to promulgate rules to carry out the provisions of s. 318.15 since Fla. R. Traf. Ct. 6.600 provides that `notice of such failure to appear must be sent to the department within 10 days of the failure to pay or appear.' See also Fla. R. Traf. Ct. 6.570 providing that any noncompliance with Ch. 318, F. S., resulting in the suspension of a driver's license `shall be reported to the department within 10 days of the noncompliance on a form to be supplied by the department'; and Fla. R. Traf. Ct. 6.575 which refers to `an outstanding or unsatisfied D-6' and requires the same to be disposed of 5 years `after the submission of the D-6 by the clerk to the Department of Highway Safety and Motor Vehicles.'
Nowhere in the statutes, however, is any legislative intent manifested that the clerk independently of and as distinguished from the traffic court judge or in any other capacity than as clerk of such court is to be charged with any responsibility for the completion and submission of the court report forms, or that either the court or its clerk in his capacity as a ministerial officer of the court is to make a charge against the state or any agency thereof for the completion and submission of these court report forms to the department or for performing any duty of, or of assistance to, the court or the department in carrying out the legislative intent and purpose expressed in s. 318.15, F. S. It is well settled that public officers may collect fees and charges for services rendered only when and to the extent authorized by law. Bradford v. Stoutamire, 38 So.2d 684 (Fla. 1948) (for fees to be collected by an officer the law must clearly provide for such); Pridgeon v. Folsom, 181 So.2d 222 (1 D.C.A. Fla., 1965); 67 C.J.S.Officers s. 224; AGO's 076-113, 076-10, 075-250, and 072-221. Seealso Gavagan v. Marshall, 33 So.2d 862 (Fla. 1948) (when no compensation is statutorily provided, the service is deemed to be gratuitous); State v. Fussell, 24 So.2d 804 (Fla. 1946); Rawls v. State, 122 So. 222 (Fla. 1929). See generally 67 C.J.S. Officers
s. 219, p. 705; AGO's 075-250, 073-119, and 073-77. Such fees and service charges, when they are authorized by law, represent the charges which the state makes for services rendered by it through its officers. Flood v. State, 129 So. 861, 864 (Fla. 1930); State v. Spencer, 87 So. 634 (Fla. 1921). Such fee or service charge statutes, however, `are to be strictly construed and not allowed except where clearly provided by law.' Bradford v. Stoutamire,supra at 685; Pridgeon v. Folsom, supra. Thus, an officer demanding fees or service charges from either individuals or the state or other governmental bodies must point to a particular statute clearly authorizing them.
Applying such rules to ss. 318.15 and 322.02, F. S., and the overall statutory scheme as evidenced by Chs. 318 and 322, F. S., I am unable to find any clear expression of legislative intent that the traffic court or its clerk charge and collect a service charge against the state or any agency thereof for the completion of the D-6 forms. See s. 318.14(7), which provides that the official having jurisdiction over the infraction (defined in s.318.13[4] to mean any judge authorized by law to preside over a court or hearing adjudicating traffic infractions) shall certify to the department within 10 days after payment of the civil penalty or forfeiture of bond that the defendant has admitted to the infraction, and, if the charge has resulted in a hearing, the official having jurisdiction shall certify to the department the final disposition within 10 days of the hearing; and see s.318.14(8), which provides that, when any such report of determination or admission is received by the department, it shall proceed to enter the proper number of points on the licensee's driving record in accordance with s. 322.27. See also s. 322.27, which authorizes the department under certain circumstances to suspend or revoke a driver's license. Subsections (7) and (8) of s. 318.14 do not empower the traffic court to impose and collect any service charges against the state for certifying the reports to the department as required therein. I am not aware of any reason why a report completed and submitted to the department under s. 318.15 should be considered any different than those reports certified to the department pursuant to s. 318.14(7) and (8) with respect to the making and collecting of any service charge from the state or any agency thereof.
Moreover, it is evident from the statutes that s. 318.15, F. S., does not envision the performance or function by the court or its clerk under the provisions of Ch. 28, F. S. Parenthetically, it might be noted that s. 28.24(6), (7), (9), (10), and (11) all have to do with certifying copies of any instruments or verifying or making copies and copying instruments in the public records of the county. Section 28.24(12), as amended by s. 1, Ch. 78-367, Laws of Florida, although somewhat ambiguous, may refer to some `paper' among the records of the county other than the official records or among the records of the county commissioners for whom the clerk of the circuit court is the clerk and keeper of their minutes, accounts, and seal. Indeed, the preparation of and furnishing to private persons of any `paper' not specifically authorized or directed by the laws of Florida would appear to be beyond the lawful statutory authority of the clerk. It is, of course, clear that a traffic court judge, upon whom the primary duty rests to make or cause to be made the court reports in question, is not within the purview of or governed by s. 28.24. Thus, it appears that the completion and submission of the D-6 forms to the department is not a duty or function contemplated or performed under any provision of Ch. 28; rather such duty and function is performed pursuant to the provisions of Chs. 318 and 322, F. S., and rules of court.
Accordingly, in the absence of any clear direction or statement of the law by the Legislature but in light of the legislative intent as evidence in Chs. 318 and 322, F. S., I am of the opinion that a traffic court or its clerk is not empowered by statute to make and collect any service charge against the state or the department for completing, sealing, signing, and submitting the D-6 forms promulgated by the department for reporting the failure of any person to comply with the requirements of s. 318.15 to the department for the purpose of effecting the suspension of the driver's license and privileges as directed by s. 318.15. Therefore, until judicially determined to the contrary, the clerk of the traffic court (or the clerk of the circuit court serving in that capacity) who is not authorized by law to collect such service charges for the completion, certification, and submission of such court reports to the department for the traffic court would not be personally liable for completion of such reports or forms without collecting a service charge therefor.
Prepared by:
Joslyn Wilson Assistant Attorney General