George S. Palmer Executive Director Board of Medical Examiners Tallahassee
QUESTION:
May the Division of Physical Therapy of the Florida State Board of Medical Examiners properly expend state funds in meeting the additional costs in administering an examination to a handicapped applicant and may the applicant be charged such additional fees that are necessarily accrued by having to administer a special examination?
SUMMARY:
The State Board of Medical Examiners may expend funds for the additional and necessary expenses of administering examinations to handicapped applicants for licensing as physical therapists and physical therapist assistants, but the board may not, in the absence of a statute so providing, charge these additional costs or expenses to such applicants.
According to your letter, the Division of Physical Therapy of the State Board of Medical Examiners will shortly be administering an examination to an applicant who is blind. Because of this visual impairment, you state that it is necessary to rent a separate room and a qualified reader in order to administer the examination. You also state that the legislative auditor in considering this issue suggested that an Attorney General's Opinion on this question be requested.
Administrative boards and members thereof possess no common-law or inherent powers; rather they are creatures of the Legislature and their powers are limited to those expressly or by necessary implication granted by the statutes which created them. See City of Cape Coral v. GAC Utilities, 281 So.2d 493 (Fla. 1973). When, however, a general power has been granted to a board, unaccompanied by definite directions as to how the power or authority is to be exercised, such a grant implies a right to employ the means and methods necessary to comply with the statute.See C.J.S. Officers s. 103(a). Thus, when the law imposes a duty or power on an officer or board, it also confers by implication such powers as are necessary for the due and efficient exercise of those powers expressly granted or such as may be fairly implied therefrom. See In re Advisory Opinion to the Governor,60 So.2d 285 (Fla. 1952); State ex rel. Martin v. Michell, 188 So.2d 684 (4 D.C.A. Fla., 1966), cert. discharged, 192 So.2d 281 (Fla. 1966); Peters v. Hansen, 157 So.2d 103 (2 D.C.A. Fla, 1969); cf. Southern Utilities Co. v. City of Palatka, 99 So. 236 (Fla. 1923); and Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936). The State Board of Medical Examiners is an administrative or regulatory board created by the state, see s. 455.01 and Ch. 458, F. S., and has been expressly charged with the responsibility of preparing, administering, and grading examinations of applicants for licensing as physical therapists and physical therapist assistants. See ss. 486.051 and 486.104, F. S., respectively. Thus, the board possesses such implied powers as are necessary to carry out its statutorily imposed duties. See Molwin Investment Co. v. Turner, supra (while express power duly conferred may include implied power to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred).
This office and the courts of this state have held that public funds may be spent only for a public purpose or function which the public body or officer is expressly authorized by law to carry out or which must be necessarily implied to carry out the purpose or function expressly authorized. See Davis v. Keen, 192 So. 200
(Fla. 1939); State v. Town of North Miami, 59 So.2d 779 (Fla. 1952); O'Neill v. Burns, 198 So.2d 1 (Fla. 1967); and AGO's 074-74, 074-192, 075-299, and 078-28. Since it is the statutorily imposed responsibility of the Board of Medical Examiners to administer the examination for licensing of physical therapists and physical therapist assistants, provided that the applicants have successfully met the requirements for registration (see s.486.031, F. S., as amended by s. 3, Ch. 78-278, Laws of Florida, and s. 486.102, F. S.) and have completed the application for licensing, as set forth in ss. 486.041 and 486.103, F. S., as amended by s. 4, Ch. 78-278, including the payment of a registration fee, the board may incur such expenses as are necessary to administer the examination to a qualified applicant. If a handicapped person meets the statutory requirements for an applicant for licensing as a physical therapist or physical therapist, assistant, I am of the opinion that the board may incur such expenses as are necessary for the board to administer the licensing examination to a qualified, albeit handicapped, applicant.
You also inquire as to whether the board may charge such an applicant for the additional expenses that are incurred in having to administer a special examination. Section 486.041, F. S., expressly sets forth that an application fee not to exceed $75 shall be imposed on each applicant for licensing as a physical therapist at the time of filing his application and that no part of this fee shall be returned. The amount of the fee is to be fixed annually by the board. See also s. 486.103, F. S., imposing an application fee not to exceed $75 on physical therapist assistants applicants. No provision is made for the imposition of additional fees. It is well settled that public officers may collect fees and charges for services rendered only when and tothe extent authorized by law. Bradford v. Stoutamire, 38 So.2d 684
(Fla. 1948) (`for fees to be collected by an officer the law must clearly provide for such'); Pridgeon v. Folsom, 181 So.2d 222 (1 D.C.A. Fla., 1965); 67 C.J.S. Officers s. 224; and AGO's 076-113, 076-10, 075-250, and 072-221. Cf. Gavagan v. Marshall,33 So.2d 862 (Fla. 1948) (when no compensation is statutorily provided, the service is deemed to be gratuitous); and State v. Fussell,24 So.2d 804 (Fla. 1946). See generally 67 C.J.S. Officers s. 219, p. 705. Such fee or service charge statutes `are to be strictly construed and not allowed except where clearly provided by law.' Bradford v. Stoutamire, supra at 685; Pridgeon v. Folsom, supra. Thus an officer demanding fees or service charges from either individuals or the state must point to a particular statute clearly authorizing them.
Sections 486.041 and 486.103, F. S., clearly authorize the imposition of an application fee by the board. The fee, however, which is not to exceed $75, is to be fixed annually by the Board of Medical Examiners and not with regard to each individual application for licensing. Moreover, no provision is made for the board to impose additional fees or charges on an applicant because it was necessary for the board, in fulfilling its duty to administer these exams for licensing, to incur additional expenses with regard to a particular applicant. Compare s. 455.016(1), F. S., which provides that examinations and reexaminations for professional or occupational licensure shall be administered in the English language unless 15 or more such applicants request that the reexamination be administered in their native tongue; `[i]n the event that such reexamination is administered in a foreign language, the full cost to the board or commission of preparing and administering same shall be borne by said applicants.' I am not aware of any statutory provision, nor has any such provision been brought to my attention, which provides that the additional expenses or costs to the board in administering an examination for licensing of physical therapists and physical therapist assistants be borne by the applicant.
Therefore, I am of the opinion that the State Board of Medical Examiners may expend funds for the additional and necessary expenses of administering examinations to handicapped applicants for licensing as physical therapists and physical therapist assistants, but the board may not, in the absence of a statute so providing, charge these additional costs or expenses to such applicants.
Prepared by:
Joslyn Wilson Assistant Attorney General