The Honorable Jerry L. Beck Clerk of the Circuit Court Glades County
QUESTIONS:
1. May the clerk of the court charge a service fee for issuing a certificate notifying the lienor of the posting of a bond to release a possessory lien under s. 559.917, F.S., and if so, how should the clerk compute the charge?
2. Must the certificate be recorded in the public records, and if so, who pays the recording fees?
3. May the clerk of the court charge a registry fee pursuant to s.28.24(14), F.S., when a cash or surety bond is posted in accordance with s. 559.917, F.S.?
4. Must the clerk of the court approve the bond and if so, is approval necessary on cash as well as surety bonds?
5. Is the clerk required to mail notice to the lienor, and if so, must the clerk pay the mailing fee?
6. May the clerk of the court require the depositor to request discharge of the bond if no suit to recover the bond is filed within 60 days or must the clerk automatically discharge the bond?
 2. The certificate issued pursuant to s. 559.917(1)(a), F.S. (1980 Supp.), is not entitled to recordation in the public records since the statute neither authorizes nor requires the recording of such certificate in the public records.
 3. The clerk of the court may charge the fees provided for in s. 28.24(14) when `money' is deposited in or received into the registry of the court pursuant to s. 559.917(1)(a), F.S. (1980 Supp.), but may not charge the fees provided for in s. 28.24(14) when a surety bond (as distinguished from cash as a substitute for surety on the bond) is filed with the clerk pursuant to s. 559.917(1)(a), F.S. (1980 Supp.).
 4. The clerk of the court is not authorized or required to approve the cash or surety bond posted pursuant to s. 559.917(1)(a), F.S. (1980 Supp.).
 5. The clerk of the court is not required to mail a copy of the certificate issued pursuant to s. 559.917(1)(a), F.S. (1980 Supp.), to the lienor, but rather by implication the statute imposes the duty on the customer to personally present or mail such certificate to the lienor directing the release of the customer's motor vehicle.
 6. The clerk of the court may not require that the customer request or otherwise move for the discharge of the bond posted pursuant to s. 559.917(1)(a), F.S. (1980 Supp.), if no suit to recover the bond is filed within 60 days after the posting of the bond. Rather, by operation of law, the statute itself discharges the bond and the clerk is required to automatically discharge the bond if the lienor does not file suit within 60 days after the posting of the bond by the customer.
SUMMARY:
Until legislatively or judicially determined otherwise:
 1. The clerk of the court may not make a service charge or fee for issuing a certificate as prescribed in and pursuant to s. 559.917(1)(a), F.S. (1980 Supp.).
Your request for an opinion was prompted by the enactment of ch. 80-139, Laws of Florida, codified as part VIII of ch. 559, F.S., also known as the `Florida Motor Vehicle Repair Act.' Your letter to me seeks clarification of the duties imposed upon the clerks of the various courts by s. 559.917, F.S. (1980 Supp.), and of the service charges which said clerks may lawfully charge for performance of such duties.
It should be noted at the outset that this opinion does not deal exclusively with clerks of the circuit court or the circuit courts per se. Section 559.917(1)(a), F.S. (1980 Supp.), imposes duties upon the `clerk of the court in the circuit in which the disputed transaction occurred.' Depending upon the amount in controversy in each particular instance and the different monetary jurisdictional limitations on the courts in this state, this opinion may equally apply to clerks of the county court. See s. 34.031, F.S., which states that `[t]he clerk of the circuit court shall be clerk of the county court unless otherwise provided by law,' and s. 28.231, F.S., which states that `[t]he clerk of any state appellate or county or state trial court shall receive as compensation for similar services the same charges as provided in this chapter for the clerk of the circuit court.' Cf. s. 559.923, F.S. (1980 Supp.), which provides that any customer injured by a violation of part VIII of ch. 559 may bring an action in the appropriate court for relief, and s. 713.585, F.S. (1980 Supp.), which in a number of instances specifies that certain demands for hearings, deposits and disbursements be filed and made with or by the clerk of the circuit court.
AS TO QUESTION 1:
Section 559.917(1)(a), F.S. (1980 Supp.), imposes a duty on clerks of the courts to receive certain cash or surety bonds posted by a customer to obtain the release of a motor vehicle from any lien claimed under part II of ch. 713 by a motor vehicle repair shop for repair work performed under a written repair estimate and to issue certificates for release of the depositor's motor vehicle. Section 559.917(1)(a), F.S., which imposes said duties upon the clerk, reads as follows:
 Any customer may obtain the release of his motor vehicle from any lien claimed under part II of chapter 713 by a motor vehicle repair shop for repair work performed under a written repair estimate by filing with the clerk of the court in the circuit in which the disputed transaction occurred a cash or surety bond, payable to the person claiming the lien and conditioned for the payment of any judgment which may be entered on the lien. The bond shall be in the amount stated on the invoice required by s. 559.911, plus accrued storage charges, if any, less any amount paid to the motor vehicle repair shop as indicated on the invoice. The customer shall not be required to institute judicial proceedings in order to post the bond in the registry of the court, nor shall the customer be required to use a particular form for posting the bond, unless the clerk shall provide such form to the customer for filing. Upon the posting of such bond, the clerk of the court shall automatically issue a certificate notifying the lienor of the posting of the bond and directing the lienor to release the customer's motor vehicle. (Emphasis supplied.)
The above subsection, while imposing additional duties upon the clerk of the court, does not state whether or not the clerk shall be entitled to any fee for the services rendered under s.559.917(1)(a), F.S. (1980 Supp.). Section 5(c), Art. II, State Const., provides that `[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law.' It is well settled that public officers may collect fees and charges for services rendered only when and to the extent authorized by law. In order for fees to be collected by an officer the law must clearly provide for such. Bradford v. Stoutamire,38 So.2d 684 (Fla. 1948); Pridgeon v. Folsom, 181 So.2d 222 (1 D.C.A. Fla., 1965); 67 C.J.S. Officers s. 224; and AGO's 079-59, 079-35, 079-8, 078-157, 078-134. It is also well settled that when no compensation is statutorily provided for, the rendition of such services is deemed to be gratuitous. State v. Fussell,24 So.2d 804 (Fla. 1946); Rawls v. State, 122 So. 222 (Fla. 1929); Gavagan v. Marshall, 33 So.2d 862 (Fla. 1948); Pridgeon v. Folsom, supra.See generally 67 C.J.S. Officers s. 219, p. 705; AGO's 075-250, 073-119, and 073-77. Such fees and services charges, when they are authorized by law, represent the charges which the state makes for services rendered by it through its officers. Flood v. State,129 So. 861 (Fla. 1930); State v. Spencer, 87 So. 634 (Fla. 1921). Such fee or service charge statutes, however, `are to be strictly construed and not allowed except where clearly provided by law.' Bradford v. Stoutamire, supra at 685; Pridgeon v. Folsom, supra. Thus, an officer demanding fees or service charges must point to a particular statute clearly authorizing the fee or service charge.
As stated above s. 559.917(1)(a), F.S. (1980 Supp.), does not state that the clerk shall be entitled to any fee for issuance of the certificate. In fact that subsection provides that `[u]pon the posting of such bond, the clerk of the court shall automatically
issue a certificate notifying the lienor of the posting of the bond and directing the lienor to release the customer's motor vehicle.' (Emphasis supplied.) The American Heritage Dictionary of the English Language defines `automatic' as, inter alia, `acting or operating in a manner essentially independent of external influence or control.' I therefore read the statute as directing the clerk to issue the certificate conditioned only upon the tender of a cash or surety bond in the amount stated on the invoice required by s. 559.911, F.S. (1980 Supp.), plus accrued storage charges, if any, less any amount paid to the motor vehicle repair shop as indicated on the invoice. The statute does not require the depositor to institute any judicial proceeding in order to post the bond, and does not provide that the clerk shall be entitled to any fee for his services nor does the statute condition the clerk's issuance of the certificate upon payment of any fee. The statute only provides that upon the filing with the clerk of the court in the circuit in which the transaction occurred a cash or surety bond, payable to the person claiming the lien and conditioned for the payment of any judgment which may be entered on the lien, the clerk shall automatically issue a certificate notifying the lienor of the posting of the bond and directing the lienor to release the customer's motor vehicle.
You inquire whether the general provisions of s. 28.24, F.S., regarding service charges by the clerk of the circuit court, or the provisions of s. 713.24(1), F.S., relative to service charges on transfers of liens to other security under part I of ch. 713, are applicable to the services rendered by the clerk under s.559.917(1)(a), F.S. (1980 Supp.). Section 713.24 does not govern the clerks' services under s. 559.917(1)(a), and while I cannot state unequivocally that the provisions of s. 28.24 providing for a service charge for `writing any paper . . . including signing and sealing' are not applicable, I have the view that the Legislature did not intend, nor did it clearly manifest any intent that the service charges in s. 28.24(12) are to apply to the services of the clerk in issuing the certificate provided for in s. 559.917(1)(a). The Legislature provided for clerk's fees in s.28.24 only where there is no contrary provision in another statute. City of Sarasota v. Burch, 192 So.2d 9 (2 D.C.A. Fla., 1966); AGO 076-11. Since the Legislature specifically provided for the issuance of the certificate to be automatic upon the posting of the bond by the customer and does not condition the rendition of this service upon the payment of any fee or service charges, I interpret s. 559.917(1)(a), F.S. (1980 Supp.), to be contrary to the provisions of s. 28.24(12) and thereby prevails resulting in the clerk's gratuitous, automatic issuance of the certificate. Section 559.917(1)(a) operates to require the customer to post the cash or surety bond under penalty of forfeiting all recourse under s. 559.917 as against the motor vehicle repair shop (see s.559.917(4)) and requires the clerk to issue the prescribed certificate upon the posting of such bond. It is not a case of a person voluntarily soliciting the clerk to perform or render some service for him, such as copying or writing some instrument or paper.
In addition, my research has disclosed that generally the Legislature clearly expresses its intent in a statute that the provisions of s. 28.24, F.S., shall apply as a charge for particular services required of or rendered by the clerk or specifically provides for a different charge in lieu of those prescribed in s. 28.24. By way of example, see s. 55.141, F.S., which specifically conditions the clerk's services `upon payment of the recording charge prescribed in s. 28.24(16) plus the necessary costs of mailing to the clerk or judge.' See also s.712.06(2) and (3), F.S. In s. 712.06(2), F.S., the clerk is directed to perform a particular duty and then directed to `charge the same fees for recording thereof as are charged for recording deeds.' In s. 712.06(3), F.S., the clerk is directed to perform certain services with his fee for the services specifically provided for by the following language: `For preparing the certificate, the claimant shall pay to the clerk the service charge as prescribed in s. 28.24(9) and the necessary costs of mailing, in addition to the recording charges as prescribed in s.28.24(16).' Section 713.24, F.S., a statute similar to the one at issue here but involving liens on real property, provides that `[t]he clerk shall be entitled to a fee for making and serving the certificate, in the sum of $10. . . . For recording the certificate and approving the bond, the clerk shall receive his usual statutory service charges as prescribed in s. 28.24.' Finally, by way of further example, even within the Florida Motor Vehicle Repair Act, as enacted by ch. 80-139, Laws of Florida, and codified as s. 713.585(6), F.S. (1980 Supp.), so far as it relates to the enforcement of a lien by sale of a motor vehicle by the lienor, the act specifically provides for the clerk's fees underthat section, to wit: `5 percent of the proceeds deposited with him, not to exceed $25, for his services under (s. 713.585, F.S. (1980 Supp.)).' (Nothing in s. 713.585 shall operate in derogation of the rights and remedies established by s. 559.917, see s.713.585(9).)
Pending legislative clarification or judicial determination to the contrary, it is therefore my opinion that the clerk should `automatically issue a certificate notifying the lienor of the posting of the bond and directing the lienor to release the customer's motor vehicle' upon the customer's posting of the prescribed cash or surety bond and should not make a service charge or charge any fee for the service. Your first question is answered in the negative and your question as to the computation of the charge need not be considered.
AS TO QUESTION 2:
Your second question also relates to the certificate at issue above and asks whether the certificate should be recorded in the public records, and if so, who should pay the recording fees. Nowhere in s. 559.917, F.S. (1980 Supp.), is there any authority for or direction or requirement that the certificate notifying the lienor of the posting of the bond and directing the lienor to release the customer's motor vehicle be recorded in the public records. In this regard, s. 28.222(1), F.S., provides that the clerk of the circuit court shall be `the recorder of all instruments that he may be required by authorized by law to record in the county where he is clerk.' As such, the clerk is directed to record in the official records of the county the kind of instruments specifically enumerated in s. 28.222, Id., and any other instruments or certified copies of instruments required or authorized by law to be recorded in the official records of the county. See, e.g., ss. 28.29, 55.10 and 713.24, Id. However, nowhere in ss. 28.222, 559.917, Id., or in any other statutory provision of which I am aware is there any authorization or requirement for the recordation in the official records of the certificate notifying the lienor of the posting of the bond and directing the lienor to release the customer's motor vehicle. Thus, in light of the general rule that records must be kept pursuant to law and not in disregard thereof, Coplan Pipe and Supply Co., Inc. v. McCann, 132 So.2d 632 (3 D.C.A. Fla., 1961); Malsby v. Gamble, 54 So. 766 (Fla. 1911), I am of the opinion that the certificate is not entitled to such recordation. Your second question is therefore answered in the negative and the question as to who pays the recording fees need not be considered.
AS TO QUESTION 3:
Your third inquiry is whether the clerk may charge a registry fee when a cash or surety bond is posted with the clerk in accordance with s. 559.917(1)(a), F.S. (1980 Supp.). The statute provides for the posting of the bond `in the registry of the court.' I note, once again, that s. 559.917(1)(a) does not provide that the clerk shall be entitled to a fee when a customer files a cash or surety bond. Thus, unless the service charges outlined in s. 28.24, F.S., are applicable in this particular instance, the clerk would not be entitled to a fee.
Section 28.24(14), F.S., provides that the clerk shall make the following charges for performing the following duties:
For receiving money into the registry of court:
It is a basic rule of statutory construction that words in statutes should be given their plain and ordinary meaning. Graham v. State, 362 So.2d 924 (Fla. 1978); Tatzel v. State,356 So.2d 787 (Fla. 1978). The plain and ordinary meaning of `cash' within the terminology of s. 559.917(1)(a) — `cash or surety bond' — would most certainly include `money.' It would therefore seem to follow that if a customer files a `cash bond' with the clerk in the amount as provided in s. 559.917(1)(a), F.S., then the provisions of s. 28.24(14) would, in my opinion, probably be applicable. However, the plain and ordinary meaning of the term `money' as used in s. 28.24(14) does not in my opinion, include a surety bond. As opposed to being cash or money, a surety bond is more in the nature of a contract, i.e., contractual relationship whereby the surety is an insurer of a debt or obligation and may be sued as a promisor. See generally Collins v. National Fire Insurance Co. of Hartford, 105 So.2d 190 (2 D.C.A. Fla., 1958); Scott v. National City Bank of Tampa, 139 So. 367 (Fla. 1931); AGO 058-176; 11 C.J.S. Bonds s. 1 et seq., Black's Law Dictionary, Surety andSuretyship, Contract Of 1611. Since fee or service charge statutes are to be strictly construed and not allowed except where clearly provided by law, Bradford v. Stoutamire, supra; Pridgeon v. Folsom, supra; I am compelled to conclude that the provisions of s. 28.24(14) are not applicable when the customer files a surety bond (as distinguished from cash as a substitute for surety on the bond) with the clerk as no `money' is being deposited or received into the registry of the court; only a promise on the part of the surety to be held accountable for the debt or obligation of the customer; if such obligation or debt arises, is being filed with the clerk.
In sum, it is my opinion that the clerk may charge the fees provided for in s. 28.24(4) when `money' is deposited in or received into the registry of the court pursuant to s.559.917(1)(a), F.S. (1980 Supp.), but may not charge the fees provided for in s. 28.24(14) when a surety bond is filed with the clerk pursuant to s. 559.917.
AS TO QUESTION 4:
Your fourth inquiry is whether the clerk is required to approve the cash or surety bond posted with the clerk under the provisions of s. 559.917(1)(a), F.S. (1980 Supp.).
Section 5(c), Art. II, State Const., provides that `[t]he powers,duties compensation and method of payment of state and county officers shall be fixed by law.' (Emphasis supplied.) Section559.917(1)(a), F.S. (1980 Supp.), does not direct the clerk of the court to approve the cash or surety bond posted by the customer.Cf. s. 713.24, F.S., wherein the Legislature provided that `[f]or recording the certificate and approving the bond, the clerk shall receive his usual statutory service charges as prescribed in s.28.24.' (Emphasis supplied.) Since the Florida Motor Vehicle Repair Act imposes no duty upon the clerk regarding approval of the bond, it is my opinion that the clerk need not and is not authorized or required to approve a cash or surety bond posted by the customer in accordance with s. 559.917(1)(a). It thus follows that the service charge imposed by s. 28.24(24), F.S., `[f]or approving bond' is inapplicable. Your fourth question is therefore answered in the negative.
AS TO QUESTION 5:
Your fifth inquiry is whether the clerk of the court is required to mail to the lienor-repair shop the certificate notifying said lienor of the posting of the bond by the customer and directing the lienor to release the customer's motor vehicle. You also inquire whether the clerk is required to pay the mailing costs if the answer to the aforesaid question is in the affirmative. The answer to these questions is somewhat of a reiteration of the analysis contained in the answer to Question 4. Section 5(c), Art. II, State Const., provides, inter alia, that the duties of state and county officers shall be fixed by law. Since s. 559.917(1)(a), F.S. (1980 Supp.), imposes no duty upon the clerk with reference to mailing the certificate to the lienor, it is my opinion that the clerk is not required to do so. By implication, the statute appears to impose the duty of notifying the lienor of the issuance of the certificate upon the customer. If the lienor fails to release or return the motor vehicle to the customer upon receiving the aforementioned certificate, judicial proceedings may be brought by the customer to compel compliance with the certificate. According to s. 559.917(2), F.S. (1980 Supp.), one of the four elements the customer is required to establish in the judicial proceeding is `[t]hat the motor vehicle repair shop, or any employee or agent thereof who is authorized to release the motor vehicle, received a copy of the certificate issued pursuant to this section.' (Emphasis supplied.) Cf. s. 713.585(3), F.S. (1980 Supp.), requiring the owner of a vehicle or any person claiming an interest in the vehicle or a lien thereon who files a demand for hearing with the clerk of the circuit court to mail copies of such demand *3564 to all other owners and lienors; and s. 713.24(1), F.S., requiring the clerk to mail a copy of a certificate showing the transfer of a lien from real property to other sucurity by registered or certified mail to the lienor named in the claim of lien so transferred. It would therefore procedurally seem to follow that after the clerk's issuance of the certificate, the customer should personally present or mail (preferably by certified mail) a copy of the certificate to the lienor directing said lienor to release the customer's motor vehicle. Cf. s.713.811, F.S., which states that `[n]otice shall be delivered personally to the purchaser or by registered or certified mail.'
In summary, it is therefore my opinion that s. 559.917(1)(a), F.S. (1980 Supp.), does not impose a duty upon the clerk to mail a copy of the certificate to the lienor notifying the lienor of the posting of the bond and directing the lienor to release the customer's motor vehicle but rather by implication imposes said duty upon the customer in order to preserve one of the elements of the cause of action which the customer may later have to institute.
AS TO QUESTION 6:
Your last question asks whether the clerk of the court may require the depositor `to request bond discharge if no suit to recover the bond is filed within 60 days.' Section 559.917(1)(b), F.S., provides in pertinent part as follows:
 The lienor shall have 60 days to file suit to recover the bond. . . . If the lienor fails to file suit within 60 days after the posting of such bond, the bond shall be discharged. (Emphasis supplied.)
The determination of whether a statute is mandatory or prohibitory as opposed to discretionary, permissive, or directory hinges primarily on the language used. In statutory construction it has been held repeatedly that statutes must be given their plain and obvious meaning. Maryland Casualty Company v. Sutherland,169 So. 679 (Fla. 1936); Fixel v. Clevenger, 285 So.2d 687 (3 D.C.A. Fla., 1973). Although there is no fixed construction of the word `shall,' according to its normal usage, it is generally meant to be mandatory in nature. In the Interest of S.R. v. State,346 So.2d 1018 (Fla. 1977); Neal v. Bryant, 149 So.2d 529 (Fla. 1962); Tascano v. State, 363 So.2d 405 (1 D.C.A. Fla., 1978); Fixel v. Clevenger, supra. When the word `shall' is used in statutes which specify procedures which are required to be followed before persons directly affected by their operation can be deprived of their property or right to employment, it is construed as mandatory. Lomelo v. Mayo, 204 So.2d 550 (1 D.C.A. Fla., 1967); Neal v. Bryant, supra.
Had the Legislature intended to require the depositor to request or otherwise move for the discharge of the bond, it could have easily provided for the same as it has in the past. See, e.g., s.713.24(4), F.S. `If no proceeding to enforce a transferred lien shall be commenced within the time specified . . . the clerk shall
return said security upon request of the person depositing . . . .' (Emphasis supplied.) See also AGO 078-51 in which this office opined that when s. 77.28, F.S., directed that a demand be made, the clerk was prohibited from summarily paying the deposit to garnishee in absence of a demand therefor. Accordingly, it is my opinion that the clerk of the court does not have the authority to require the depositor to request or otherwise move for the discharge of the bond if no suit to recover the bond is filed within 60 days after the posting of the bond. Rather the statute itself operates to discharge the bond if the lienor does not file suit to recover the bond within 60 days after the posting of such bond. Your sixth question is answered in the negative.
Prepared by: Linda Lettera, Assistant Attorney General