Mr. Jose B. Alvarez Attorney for the Deltona Fire District 114 East Indiana Avenue DeLand, Florida 32724
Dear Mr. Alvarez:
On behalf of the Board of Commissioners of the Deltona Fire District, you ask the following question:
Do the commissioners of the Deltona Fire District have the authority to adopt a resolution to compensate themselves fifty dollars for each meeting of the board attended and to be reimbursed for all travel and out-of-pocket expenses related to the discharge of their duties while holding office?
In sum:
The commissioners of the Deltona Fire District are not authorized to adopt a resolution to compensate themselves fifty dollars for each meeting of the board attended. The board members may be reimbursed for their travel expenses to the extent such expenses are authorized pursuant to section 112.061, Florida Statutes.
The Deltona Fire District was created by special act as an independent special district for the purpose of providing fire protection within the district.[1] The district is governed by a board of commissioners consisting of five commissioners who shall be qualified electors residing within the district.[2]
In 1973, the Legislature expanded the boundaries of the district and authorized the levy of taxes on property within the district, not to exceed two mills.[3] Such tax revenues are to be used by the board of commissioners for the construction, operation, maintenance and repair of fire stations, the payment of outstanding indebtedness authorized by the district's enabling legislation, "or for the payment of necessary salaries, costs and expenses in carrying on and transacting the business of the district."[4]
At that time, however, the enabling legislation for the district provided that "[t]he commissioners shall serve without pay."[5]
Although this language was deleted when the act was subsequently amended in 1984, no provision was added expressly providing for the compensation of the district commissioners.[6] Generally, public officers have no legal claim for official services rendered, except when and to the extent that compensation is provided by law, and when no compensation is so provided, the rendition of such services is deemed to be gratuitous.[7]
The Uniform Travel Expense Law, section 112.061, Florida Statutes, however, establishes a system for the reimbursement of travel expenses and per diem for public officers, employees, and authorized persons. Finding that there were inequities, conflicts, inconsistencies and lapses in the various laws seeking to regulate travel expenses of public officers, employees, and authorized persons, the Legislature sought:
To remedy same and to establish uniform maximum rates, and limitations, with certain justifiable exceptions, applicable to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency.[8] (e.s.)
Thus, the travel expenses and per diem of all public officers, employees, and authorized persons whose travel expenses are paid by a public agency are subject to, and controlled by, the rates and limitations set forth in section 112.061, Florida Statutes, unless expressly and specifically exempted by general law or by the provisions of a special or general law.[9] The Deltona Fire District is clearly an "agency or public agency" as those terms are defined in section 112.061(2)(a), Florida Statutes.[10]
Section 112.061(1)(b)2., Florida Statutes, states that the provisions of any special or local law prevail over any conflicting provisions in section 112.061, but only to the extent of the conflict. The provisions of the enabling legislation for the district, however, are not inconsistent with or in conflict with the terms of section 112.061. Nor do I find anything in either section 112.061 nor the district's special act that would exempt the officers, employees and authorized persons of the district from being subject to the rates or limitations contained in section 112.061. Thus, the commissioners and employees of the fire district are subject to, and controlled by, the rates and limitations contained in section 112.061.
Accordingly, I am of the opinion that the Board of Commissioners of the Deltona Fire District does not, in the absence of statutory authorization, have the authority to adopt a resolution to compensate its members fifty dollars for each meeting of the board attended. The board members may be reimbursed for their travel expenses to the extent such expenses are authorized pursuant to section 112.061, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, ch. 69-1707, Laws of Florida, as amended.
[2] Section 2, ch. 69-1707, supra, as amended by s. 1, ch. 84-538, Laws of Florida.
[3] See, ch. 73-646, Laws of Florida.
[4] Section 4, ch. 73-646, Laws of Florida.
[5] See, s. 3, ch. 69-1707, supra.
[6] See, s. 1, ch. 84-538, Laws of Florida, amending ss. 2, 3, 4, and 5 of ch. 69-1707, Laws of Florida.
[7] See generally, Rawls v. State, 122 So. 222 (Fla. 1929); Gavagan v. Marshall, 33 So.2d 862, 864 (Fla. 1948); Pridgeon v. Folsom, 181 So.2d 222, 226 (Fla. 1st DCA 1966).
[8] Section 112.061(1)(a), Fla. Stat. (1993).
[9] See, s. 112.061(1), Fla. Stat. (1993).
[10] Section 112.061(2)(a), Florida Statutes, defines "Agency or public agency" to mean:
Any office, department, agency, division, subdivision, political subdivision, board, bureau, commission authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law.