Ms. Emeline Acton Hillsborough County Attorney Post Office Box 1110 Tampa, Florida 33601
Dear Ms. Acton:
On behalf of the Hillsborough County Public Transportation Commission and the Hillsborough County Board of County Commissioners, you ask substantially the following question:
Does section 6, Chapter 83-423, Laws of Florida, stating that the Hillsborough County Board of County Commissioners shall provide certain services and furnish certain personnel and material to the Hillsborough County Public Transportation Commission, require the county to pay for such services, personnel, and material or is the county to be reimbursed for such items?
In sum:
Section 6, Chapter 83-423, Laws of Florida, stating that the Hillsborough County Board of County Commissioners shall provide certain services and furnish certain personnel and material to the Hillsborough County Public Transportation Commission, requires the county to pay for such services, personnel, and material.
The Hillsborough County Public Transportation Commission was created by Chapter 83-423, Laws of Florida, effective July 1, 1983.[1] Section 2(1) of the act vests in the commission the authority and power, by rule or order, to regulate the operation of taxicabs, limousines, vans and handicabs upon the public highways of the county and municipalities, authorities, or bodies politic within the county.[2]
Section 6 of Chapter 83-423, Laws of Florida, authorizes the commission to impose license fees on each operating company plus a reasonable fee per annum per vehicle. In addition, the commission may impose a reasonable license fee for the issuance of the public vehicle driver's license required under the act. Any revenue resulting from such fees is to be deposited in the Hillsborough County Public Transportation Trust Fund for the operating costs of the commission.
Section 6, supra, further provides:
"The Hillsborough County Board of County Commissioners shallprovide for annual budget review of the Public Transportation Commission and shall furnish the Public Transportation Commission with a part-time attorney, inspector(s), and a secretary, along with office space and equipment, stationery and postage necessary to carry out their responsibilities and the provisions of this act." (e.s.)
While the special act requires the county commission to provide and furnish certain services, personnel, and equipment, nothing in the act imposes a responsibility on the transportation commission to reimburse the county commission. The term "provide" generally is defined to mean to make provision or to supply what is needed while the term "furnish" has been defined to "provide or supply what is needed, . . . to make a gift of."[3] Moreover, it is a general rule that public officers have no claim to compensation for services rendered except when and to the extent that it is provided by law, and statutes dealing with compensation payable to public officials are to be construed strictly.[4]
An examination of other provisions of the Florida Statutes requiring one public agency or governmental entity to "provide" or "furnish" services to another provides some guidance. For example, section 43.28, Florida Statutes, which makes it the county's responsibility to provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts, has been considered to require the county to pay the costs of providing such services.[5]
Similarly, sections 27.34(2) and 27.54(3), Florida Statutes, impose upon the county the responsibility to provide the state attorney and the public defender with such office space as may be necessary for the proper and efficient functioning of these offices, unless funding has otherwise been appropriated for such services in the state general appropriations act.[6]
Accordingly, I am of the opinion that section 6, Chapter 83-423, Laws of Florida, stating that the Hillsborough County Board of County Commissioners shall provide certain services and furnish certain personnel and material to the Hillsborough County Public Transportation Commission, requires the county to pay for such services, personnel, and material.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Chapter 83-423, Laws of Florida, has been amended several times. See, e.g., Chs. 87-496 and 88-493, Laws of Florida.
[2] See, s. 3(7), Ch. 83-423, Laws of Florida, defining "[h]ighway" as "any of the public streets, boulevards, avenues, drives, or alleys within Hillsborough County"; and see, s. 3(1), (2), (3), and (4), Ch. 83-423, respectively defining "[t]axicab," "[v]an," "[l]imousine," and "[h]andicab" for purposes of the special act.
[3] See, Webster's Third New International Dictionary (unabridged ed. 1981), pp. 1827 and 923, defining "provide" and "furnish," respectively.
[4] See, e.g., Gavagan v. Marshall, 33 So.2d 862 (Fla. 1948);Rawls v. State ex rel. Nolan, 122 So. 222 (Fla. 1929) (public officers have claim for official services only when law provides compensation; services being deemed gratuitous otherwise);Pridgeon v. Folsom, 181 So.2d 222 (Fla. 1st DCA 1965).
[5] See, Hoffman v. Haddock, 695 So.2d 682 (Fla. 1997) (in general, counties are responsible for all costs necessary to operate the circuit and county courts not paid by the state). Butsee, Art. V, s. 14, Fla. Const., as amended by Constitutional Revision Commission Proposal 7, adopted by the electorate during the November 1998 general election, which states that funding for the state courts system, state attorneys' offices, public defenders' offices, and court-appointed counsel, except as otherwise provided in Art. V, s. 14(c), Fla. Const., shall be provided from state revenues appropriated by general law. Pursuant to the schedule to Art. XII, s. 25, Fla. Const., the Legislature, commencing with fiscal year 2000-2001, shall appropriate funds to pay for the salaries, costs, and expenses set forth in the amendment to s. 14 of Art. V pursuant to a phase-in schedule established by general law, and unless otherwise provided herein, the amendment to s. 14 are to be fully effectuated by July 1, 2004.
[6] See generally, Op. Att'y Gen. Fla. 76-71 (1976). But see, n. 5, supra, discussing the amendments to Art. V, s. 14, Fla. Const.